1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

V. James DeSimone (SBN: 119668)
Carmen D. Sabater   (SBN: 303546)
Ryann E. Hall (SBN: 306080)
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880


Attorneys for PLAINTIFF,
RAYMUNDO VICENTE RUBIO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO,<br><br>        PLAINTIFF,<br><br>    v.<br><br>CITY OF VISALIA, a municipal entity; CHIEF JASON SALAZAR, in his individual and official capacity; OFFICER MARISA BURKDOLL; OFFICER WILLIAM HANSEN, and DEFENDANT DOES 1-5 inclusive,<br><br>        DEFENDANTS. | Case No: 2:21-at-00172<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. 1983)**<br>2. **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**<br>3. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br>4. **False Arrest/False Imprisonment**<br>5. **Assault and Battery**<br>6. **Negligence**<br>7. **Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>8. **Intentional Infliction of Emotional Distress**<br>9. **Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                                    V. James DeSimone, Esq.
Case No.:  2:21-at-00172                                                          Carmen D. Sabater, Esq.
                                                                                                         Ryann E. Hall, Esq.

PLAINTIFF, RAYMUNDO VICENTE RUBIO JR. (hereinafter "PLAINTIFF" "RUBIO" or "Mr. RUBIO"), for his complaint against Defendants Police Officer MARISA BURKDOLL, Officer WILLIAM HANSEN, CITY OF VISALIA, and Police Chief JASON SALAZAR, inclusive, allege as follows:

### NATURE OF ACTION

1.      This civil rights action seeks compensatory damages against DEFENDANTS and punitive damages only from individual DEFENDANTS Officer MARISA BURKDOLL and WILLIAM HANSEN  for violating various rights under the United States Constitution and state law in connection with the officers' unjustified and brutal attack, assault,  excessive force, handcuffing, police canine (K-9) mauling,  arrest, and detention of Mr. RUBIO by DEFENDANTS Officer MARISA BURKDOLL and WILLIAM HANSEN of the Visalia Police Department.

2.      DEFENDANT VISALIA POLICE CHIEF JASON SALAZAR ("CHIEF SALAZAR") has failed to impose adequate discipline on his officers who committed different types of excessive force, and has failed to train on constitutionally permitted use of force, creating a culture of impunity with the Visalia Police Department ("VPD") that encourages such violence and incidents of unreasonable force against the public.

3.      The CITY OF VISALIA ("CITY") by summarily rejecting Mr. RUBIO's claim for Damages, has proved unwilling to accept responsibility for the wrong committed by its officers. The CITY continues to violate its citizen's rights by ignoring the allegations and preventing these incidents from happening.

4.      DEFENDANTS DOES 1-5 are directly liable for PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

5.      DEFENDANTS, CITY OF VISALIA, SALAZAR, BURKDOLL and HANSEN also proximately caused PLAINTIFF's injuries and are liable under state and federal law and, for CITY AND SALAZAR are liable  under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and its progeny.  Defendants City of Visalia and Salazar have deliberately refused to investigate or discipline its Officers engaging in the use of excessive force,

5

1   thereby ratifying police brutality.

2       6.      The policies and customs behind attacking and arresting civilians such as  Mr.

3   RUBIO are fundamentally unconstitutional and constitute a menace of major proportions to the

4   public. Accordingly, insofar as Mr. RUBIO herein seeks by means of this civil rights action to

5   hold accountable those responsible for the unjustified attack, assault, unreasonable use of force,

6   abuse of K-9 (dog) force, handcuffing and detention of Mr. RUBIO and to challenge the CITY'S

7   unconstitutional policies and practices, this civil rights action is firmly in the public interest.

8                           **PARTIES AND THEIR AGENTS**

9       7.      PLAINTIFF Mr. RUBIO is a thirty-two-year-old intellectually disabled man, and

10  at all times mentioned in this Complaint was a resident of the City of Visalia, California.

11      8.      Mr. RUBIO has been disabled since birth, August 8, 1988 and as a result, he

12  receives Social Security Disability.

13      9.      PLAINTIFF is informed and believes that Defendant MARISA BURKDOLL

14  (hereinafter "BURDOLL") is an individual living in the County of Tulare, California.  At all

15  relevant times, BURKDOLL was a public employee and agent of DEFENDANT CITY OF

16  VISALIA and was acting with the course and scope of her respective duties as a police officer

17  and with complete authority and ratification of her principal DEFENDANT CITY OF VISALIA.

18      10.     PLAINTIFF is informed and believes that Defendant WILLIAM HANSEN

19  (hereinafter "HANSEN") is an individual living in the County of Tulare, California.  At all

20  relevant times, HANSEN was a public employee and agent of DEFENDANT CITY OF VISALIA

21  and was acting with the course and scope of her respective duties as a police officer and with

22  complete authority and ratification of her principal DEFENDANT CITY OF VISALIA.

23      11.     PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-5 were

24  agents, servants, and employees of DEFENDANT CITY OF VISALIA and/or the Visalia Police

25  Department ("VPD").   PLAINTIFF is ignorant of the true names and capacities of

26  DEFENDANTS sued herein as DOES 1-5, inclusive, and therefore sue these DEFENDANTS by

27  such fictitious names.  PLAINTIFF will amend this Complaint to allege their true names and

28  capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                          Carmen D. Sabater, Esq.
                                                          Ryann E. Hall, Esq.

individual and official capacities.

12.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS BURKDOLL, HANSEN, and DOES 1-5 were acting with the implied and actual permission and consent of CITY OF VISALIA and SALAZAR.

13.     DEFENDANT CITY OF VISALIA is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. VPD is an agency of CITY OF VISALIA, and all actions of the VPD are the legal responsibility of the CITY OF VISALIA. CITY OF VISALIA is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims and on the basis of *respondeat superior* for State Law causes of action.

14.     DEFENDANT JASON SALAZAR is, and was, at all times relevant to this action, the VPD police chief and a policymaker for his department.  He is sued in both his individual and official capacities.

15.     All DEFENDANTS who are natural persons, including DOES 1-5, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF VISALIA .

16.     DEFENDANTS are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

17.     At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

18.     On or around July 28, 2020, PLAINTIFF filed comprehensive claims for damages in accordance with Government Code §§ 910 and 911.2.

19.     The CITY OF VISALIA rejected the claim for damages on August 5, 2020.

20.     Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                              V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                                          Carmen D. Sabater, Esq.
                                                                                 Ryann E. Hall, Esq.

**JURISDICTION AND VENUE**

21.     This Court has subject matter jurisdiction over the PLAINTIFF's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).  This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

22.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein occurred in the Central District of California.

**ADMINISTRATIVE REMEDIES**

23.     PLAINTIFF filed a Government Tort Claim against DEFENDANT CITY OF VISALIA on or around July 28, 2020. (See Attached Exhibit "A"). Then on August 5, 2020, the CITY OF VISALIA sent Mr. RUBIO's attorney a letter advising that the Claim is being returned because it was not presented within six (6) months after the event or occurrence as required by Government Code §§ 901 and 911.2. The letter advised that Mr. RUBIO's only recourse was to apply to the CITY OF VISALIA for Leave to Present a Late Claim. (See Attached Exhibit "B"). In response, on or around August 14, 2020, PLAINTIFF served an Application for Permission to Present Late Government Claim pursuant to Government Code § 911.4. (See Attached Exhibit "C"). As of the filing of this Complaint, CITY has failed to respond or answer PLAINTIFF's Application for Permission to Present Late Government Claim.

24.     Late claims are recognized and allowed by the California Government code. Pursuant to Government Code § 911.4. "When a claim is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim … within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."

25.     Pursuant to Government Code § 911.6(b)(3), when an Application for Permission to Present a Late Claim is made, "[t]he board shall grant the application where '(3) [t]he person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                        V. James DeSimone, Esq.
Case No.:  2:21-at-00172                                        Carmen D. Sabater, Esq.
                                                                              Ryann E. Hall, Esq.

all the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time;'" or "(1) [t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced in its defense of the claim by failure to present the claim within the time specified in Section 911.2."

26.    Here, as stated herein, PLAINTIFF put CITY OF VISALIA on notice of PLAINTIFF's Tort Claim on July 28, 2020, less than a week after the six-month tort claim period and filed an Application for Permission to Present A Late Government Claim on or around August 14, 2020, shortly after receiving CITY's advisory letter. Moreover, throughout this process and to date, Mr. RUBIO is disabled, therefore PLAINTIFF satisfies the requirements to present an Application for Permission to Present A Late Government Claim and in the alternative a Late Tort Claim. In addition, any alleged failure to present the claim timely, was through mistake, inadvertence, surprise or excusable neglect and the CITY OF VISALIA was not prejudiced in its defense of the claim given its immediate knowledge of this incident and written notice of the claim.

## FACTS COMMON TO ALL CAUSES OF ACTION

27.    PLAINTIFF repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28.    PLAINTIFF, Mr. RUBIO is a 32-year-old disabled man who currently, and at times relevant to this Complaint, resides at 2111 South Akers Street in the City of Visalia, California.

29.    According to police reports from Officer BURKDOLL and Officer HANSEN, the interaction between the officers and Mr. RUBIO occurred on or about January 22, 2020 at or around 8:08 PM.

30.    Mr. RUBIO was in the parking lot of a shopping center walking near his home. .

31.    Mr. RUBIO was walking in the area within approximately 400 feet of his home when approached by Officer BURKDOLL in her squad car on the corner of West Walnut and South Akers Street in the parking lot.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                                         V. James DeSimone, Esq.
Case No.:  2:21-at-00172                                                                Carmen D. Sabater, Esq.
                                                                                                              Ryann E. Hall, Esq.

32.     Officer BURKDOLL approached Mr. RUBIO in her police vehicle with her headlights on him at the edge of a parking lot with no other car within multiple stalls.

33.     Officer BURKDOLL asks Mr. RUBIO "What's up, bro?" and asked Mr. RUBIO to take his hands out of his pockets to which he acquiesced.

34.     Officer BURKDOLL states, "people were calling about you" and asks Mr. RUBIO what is going on to which Mr. RUBIO asks, "what did I do?" Officer BURKDOLL responds that other people claimed, "you were looking into vehicles," which Mr. RUBIO denied.   Plaintiff is informed and believes that there was no call that people called with a complaint about RUBIO.

35.     Mr. RUBIO asserted that his race and ethnicity was cause for the initial interaction with Officer BURKDOLL. Officer BURKDOLL and Mr. RUBIO spoke about their respective ethnicities.

36.     Officer BURKDOLL asked Mr. RUBIO if he was on the streets or had a home while Mr. RUBIO explained that he had a home and was doing nothing different than what another person may do undisturbed, but because of his race and ethnicity, he had been targeted and faces discrimination.

37.     Officer HANSEN and his K-9 unit arrived at the scene. and had positioned his car in front of Mr. RUBIO and to his left.

38.     Officer BURKDOLL asked Mr. RUBIO to remove his backpack, and Mr. RUBIO asked why and what it was about his actions that elicited the request to remove his backpack as he stood facing Officer BURKDOLL with his hands in plain sight.

39.     As Mr. RUBIO attempted to comply with the request to remove his backpack, approached Mr. RUBIO and grabbed his right arm. Simultaneously, Officer HANSEN grabbed Mr. RUBIO from the left side.

40.     Mr. RUBIO looked back between the officers on either side of him while standing and in the grip of both officers asking again what he did.

41.     As Mr. RUBIO was in total compliance attempting to remove his backpack, he was brutally grabbed by Officer BURKDOLL as she placed her arm around his neck.   Officer HANSEN repeatedly threatened to let his police dog out and bite RUBIO but gave no specific

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

commands of what RUBIO had to do to avoid that.

42.     Officer BURKDOLL grabbed Mr. RUBIO's neck and slammed him to the ground as Officer HANSEN pulled on the hood of RUBIO's sweatshirt.

43.     Mr. RUBIO yelled in pain as Officer BURKDOLL while on top of him began striking and beating Mr. RUBIO on the head with her flashlight and fist, despite his pleadings and cries of pain.  Officer BURKDOLL struck Mr. RUBIO mercilessly at least six (6) times with her flashlight and fists.   BURKDOLL ordered RUBIO to give us your hand which RUBIO was attempting to do as he held it his arms out surrendering.

44.     As Mr. RUBIO lay defenseless on the ground pleading for help, with Officer BURKDOLL on top beating him, Officer HANSEN retrieved his dog from his car and within seconds viciously commanded his dog to attack RUBIO.  While RUBIO lay helplessly on his stomach, HANSEN led it to Mr. RUBIO's lower back, repeatedly commanded the dog to bite, and encouraged the dog as it bit into RUBIO's flesh continuously for approximately one minute and forty seconds while Mr. RUBIO lay prone face down on the ground screaming in pain throughout the attack and asking what he had done.

45.     Officer HANSEN continued to order the dog to bite Mr. RUBIO while Officer BURKDOLL was on top of Mr. RUBIO and continued to strike him on the back of the head with her flashlight.  Officer's Hansen's conduct was excessive, brutal and sadistic.

46.     While Mr. RUBIO cried out for help, Officer BURKDOLL directed Mr. RUBIO to put his left hand behind his back as the dog continued to maul his lower back.

47.     Officer BURKDOLL and Officer HANSEN made no attempt to address Mr. RUBIO's wounds and injuries during their arrest, nor did they request an ambulance.

48.     Officer BURKDOLL marched Mr. RUBIO to a patrol car as he continued to cry out in pain how his back hurt after being mauled by the K-9. He then entered the car while handcuffed on his own in excruciating pain and with visible blood on his lower back without receiving any treatment for his wounds or injuries and without sterilizing the back seat of the police vehicle.   He was taken to the hospital where he was further intimidated, berated and harassed by HANSEN.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                                   V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                                               Carmen D. Sabater, Esq.
                                                                                      Ryann E. Hall, Esq.

49.     The brutal blows to Mr. RUBIO's head with a flashlight and punches struck by Officer BURKDOLL and the slamming to the ground left him with serious injuries. His physical injuries included, but are not limited to, suffering a traumatic brain injury, wounds to his head and leg, bleeding, bruises and severe physical pain. The injuries required medical attention with lasting and continual suffering. Mr. RUBIO's physical, mental and emotional injuries included, but are not limited to, continuing to suffer from, depression, fear, anxiety, memory loss, headaches, dizziness, nausea and vomiting, and disruptions in emotions, heightened paranoia and disrupted sleeping patterns.

50.     The relentless mauling attack by the K-9 dog which tore deep flesh wounds was unleashed by Officer HANSEN on Mr. RUBIO while he lay prone and defenseless has left him with severe unsightly injuries. His injuries include, but are not limited to, deep flesh wounds on his back, torso, and left hand and arm, profuse bleeding, and scars from the teeth that tore into Mr. RUBIO's body for an unreasonable amount of time while he screamed of pain and pled for help and release from the jaws of a large canine.

51.     The pain suffered from Officer BURKDOLL and Officer HANSEN's acts has required medical attention. In addition, future physical and emotional harm including, but not limited to, physical pain, nausea, anxiety, paranoia, depression, body aches, scar tissue, headaches, memory loss, and fear plague Mr. RUBIO.

52.     Mr. RUBIO's pain and suffering continues and may worsen as time passes despite efforts to seek relief.

53.      On or about December 5, 2020, Mr. RUBIO was in his back yard playing and talking with his dog when a neighbor screamed at him to "shut up" and then approached him and unprovoked, attacked him with a shovel beating him to the ground while Mr. Rubio lay defenseless in shock.  Plaintiff is informed and believes and thereon alleges that this individual, who is a white male, has connections with the VISALIA POLICE DEPARTMENT.

54.     VISALIA POLICE DEPARTMENT responded and despite Mr. RUBIO's family witnessing the brutal attack and telling them that the neighbor attacked Mr. Rubio and that he was required medical and  mental health assistance, the Visalia Police Department proceeded to arrest

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                                      Carmen D. Sabater, Esq.
                                                                            Ryann E. Hall, Esq.

1   Mr. RUBIO.

2        55.    Further, Mr. RUBIO's criminal attorney, Mieke ter Poorten, spoke to officers as

3   well and explained that Mr. RUBIO is intellectually disabled, required immediate mental health

4   intervention,  , and that he was brutally attacked with a shovel by his neighbor.  Officers ignored

5   Ms. ter Poorten and proceeded to arrest Mr. RUBIO thereby denying him the much needed mental

6   health assistance.

7        56.    Mr. RUBIO was taken to jail instead of a mental health facility.  As a result, Mr.

8   RUBIO did not receive critical mental health assistance and was further traumatized.

9        57.    PLAINTIFF is informed and believe that the CITY OF VISALIA has a custom,

10   policy and practice of tolerating, condoning and encouraging the abuse of and excessive force

11   against minorities and mentally disabled individuals.

12        58.    The CITY OF VISALIA, through CHIEF SALAZAR and the VISALIA POLICE

13   DEPARTMENT, has failed to train its officers in the constitutional response to law abiding

14   citizens as revealed by the above-described allegations. DEFENDANTS have a custom of using

15   excessive force against law abiding citizens, striking people with fists and objects and unleashing

16   dogs to tear into flesh of prone and defenseless citizens without warning or command, based on

17   specious "suspicion." The CITY OF VISALIA has been aware of deficiencies in its training, yet

18   the excessive force and use of dogs to attack citizens, *inter alia* DEFENDANTS currently employ

19   fail constitutional requirements.

20                          **FIRST CAUSE OF ACTION**

21   **UNREASONABLE SEARCH AND SEIZURE – DETENTION AND ARREST (42 U.S.C.**

22                               **§ 1983)**

23                      **(AGAINST ALL DEFENDANTS)**

24        59.    The allegations PLAINTIFF sets forth in this complaint are hereby re-alleged and

25   incorporated by reference.

26        60.    Defendant Officers BURKDOLL and HANSEN, as an individual and agent of

27   CITY OF VISALIA, detained Plaintiff without reasonable suspicion and arrested Plaintiff without

28   probable cause in violation of his right to be secure in his person against unreasonable searches

**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Rubio v. City Los Angeles, et al.*                     V. James DeSimone, Esq.
Case No.:  2:21-at-00172                           Carmen D. Sabater, Esq.
                                           Ryann E. Hall, Esq.

1   and seizures are guaranteed to them under the Fourth Amendment to the United States

2   Constitution and applied to state actors by the Fourteenth Amendment.

3        61.    The conduct of the Defendant Officers BURKDOLL and HANSEN was willful,

4   wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and

5   therefore warrants the imposition of exemplary and punitive damages as to Defendant Officer

6   BURKDOLL.

7        62.    Defendant Officer HANSEN, as an individual and agent of CITY OF VISALIA,

8   detained Plaintiff without reasonable suspicion and arrested Plaintiff without probable cause in

9   violation of his right to be secure in his person against unreasonable searches and seizures are

10  guaranteed to them under the Fourth Amendment to the United States Constitution and applied to

11  state actors by the Fourteenth Amendment.

12       63.    The conduct of the Defendant Officer HANSEN was willful, wanton, malicious

13  and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the

14  imposition of exemplary and punitive damages as to Defendant Officer HANSEN.

15

16       64.    As a result of the conduct of Defendants, they are liable for Plaintiff's injuries,

17  either because they were integral participants in the wrongful detention and arrest, or because

18  they failed to intervene to prevent these violations.

19       65.    Plaintiff was detained without reasonable suspicion and arrested without probable

20  cause. At the time of his detention and arrest by Defendants Officer BURKDOLL and Officer

21  HANSEN, Plaintiff was simply walking in a commercial parking lot near his home and had

22  committed no crime.

23       66.    Accordingly, Defendants are each liable to Plaintiff for compensatory damages

24  and Defendants Officer BURKDOLL and Officer HANSEN are liable for punitive damages,

25  under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorney's fees under this claim.

26  ///

27  ///

28  ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                          V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                      Carmen D. Sabater, Esq.
                                                            Ryann E. Hall, Esq.

**<u>SECOND CAUSE OF ACTION</u>**

**UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE (42 U.S.C. §**

**1983)**

**(AGAINST ALL DEFENDANTS)**

67.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

68.     Defendants Officer BURKDOLL and Officer HANSEN's unreasonable use of force against Plaintiff, including but not limited to, attacking, hitting him in the head with a blunt object, punching him, twisting his wrists, excessive force to his neck, use of K-9 dog attack to maul him, handcuffing and slamming to the ground without any justification, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Plaintiff under the fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived Plaintiff of due process as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

69.     As a result, Plaintiff suffered serious physical, psychological and emotional injury, including but not limited to, traumatic brain and head injury, deep flesh wounds,  blood loss, contusions, headaches depression,  anxiety and exacerbation of his mental illness.

70.     Plaintiff was not armed, had committed no crime, did not resist arrest, did nothing threatening, and posed no risk to Defendants Officer BURKDOLL and Officer HANSEN or any other person.

71.     Given the officers' use of force against Plaintiff, Defendants Officer BURKDOLL and HANSEN knew that failure to treat Plaintiff's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and emotional distress.

72.     Defendants Officer BURKDOLL and Officer HANSEN's actions thus deprived Plaintiff of his right to be free from unreasonable seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.:  2:21-at-00172                      Carmen D. Sabater, Esq.
                                              Ryann E. Hall, Esq.

73.     The conduct of Defendants Officer BURKDOLL and Officer HANSEN was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against Defendants Officer BURKDOLL and Officer HANSEN.

74.     As a result of the aforementioned excessive and unreasonable force, Plaintiff was caused to suffer severe mental anguish and pain and has been injured in mind and body. Plaintiff is also claiming medical expenses.

75.     Accordingly, Defendants are each liable to Plaintiff's for compensatory damages and Defendants Officer BURKDOLL and Officer HANSEN are liable for punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorney's fees under this claim.

### THIRD CAUSE OF ACTION

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY**

**(42 U.S.C. § 1983)**

**(AGAINST ALL DEFENDANTS)**

76.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

77.     Defendants Officer BURKDOLL and HANSEN's use of force against Plaintiff on January 22, 2020, who was unarmed, had committed no crime, and was not resisting arrest, was ratified by CITY OF VISALIA Police Department supervisorial officers, including Defendant Police Chief SALAZAR.

78.     Defendants DOES 1-5 use of force against Plaintiff on January 22, 2020, who was unarmed, had committed no crime, and was not resisting was ratified by CITY OF VISALIA Police Department and/or supervisorial officers, including Defendant Police Chief SALAZAR.

79.     On and for some time prior to January 22, 2020 (and continuing to the present date) Defendants CITY OF VISALIA, Police Chief SALAZAR and DOE SUPERVISORS, deprived Plaintiff, of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless

and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

a. Employing and retaining as police officers and other personnel, including Defendants Officer BURKDOLL and HANSEN, who Defendants CITY, SALAZAR, and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by excessive force, and for mistreating citizens by failing to follow written CITY Police Department's policies, including the use of excessive force;

b. Of inadequately supervising, training, controlling, assigning, and discipling CITY Police Officers, and other CITY personnel, including Defendants Officers BURKDOLL and HANSEN, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence and the use of excessive force;

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Officer BURKDOLL and HANSEN and others, who are CITY employees and police officers;

d. By failing to adequately train officers, including Defendants Officer BURKDOLL and HANSEN, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force;

e. By failing to discipline CITY police officers' conduct, including Defendants Officer BURKDOLL and HANSEN, for unlawful detention and use of force;

f. By ratifying the intentional misconduct of Defendants Officer BURKDOLL and HANSEN and other police officers, who are police officers of the CITY, and commit unlawful detentions and use of force;

g. By failing to properly investigate claims of unlawful detentions and use of force

5

by CITY police officers, including Defendants Officer BURKDOLL and HANSEN; and

h. By having and maintaining an unconstitutional custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force through the vicious and gratuitous utilization of police dogs to tear into the flesh of helpless individuals, failing to timely obtain medical care, depriving persons of life, liberty, and property so as to shock the conscience, which is also demonstrated by inadequate training regarding these subjects. The customs and practices of CITY and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

80.     By reason of the aforementioned policies and practices of Defendants CITY, Defendant Police Chief SALAZAR, and DOE SUPERVISORS, Plaintiff was severely injured and subjected to physical pain and suffering, and extreme and severe psychological injury, and emotional distress.

81.     The aforementioned customs and practices of CITY and COUNTY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

82.     Defendants CITY, Defendant Police Chief SALAZAR, and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

83.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, Defendant Police Chief SALAZAR, and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard toward Plaintiff, and of the constitutional as well as human rights of Plaintiff. Defendants CITY, Police Chief SALAZAR, and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                                     Carmen D. Sabater, Esq.
                                                                            Ryann E. Hall, Esq.

1 malicious, fraudulent, and extremely offensive and unconscionable to any person of normal

2 sensibilities.

3       84.     Furthermore, the policies, practices, and customs implemented and maintained and

4 still tolerated by Defendants CITY, Defendant Police Chief SALAZAR, and DOE

5 SUPERVISORS were affirmatively linked to and were a significantly influential force behind the

6 injuries of Plaintiff.

7       85.     Accordingly, Defendants CITY, Defendant Police Chief SALAZAR, and DOE

8 SUPERVISORS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

9       86.     On information and belief, the aforementioned acts were willful, wanton,

10 malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as

11 to Defendant Police Chief SALAZAR and DOE SUPERVISORS.

12       87.     Accordingly, Defendants are each liable to Plaintiff for compensatory damages

13 and Defendants Officer BURKDOLL and Officer HANSEN are liable for  punitive damages,

14 under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorney's fees under this claim.

15 **<u>FOURTH CAUSE OF ACTION</u>**

16 **FALSE ARREST/FALSE IMPRISONMENT**

17 **(AGAINST ALL DEFENDANTS)**

18       88.     The allegations set forth in this complaint are hereby re-alleged and incorporated

19 by reference.

20       89.     Defendants Officer BURKDOLL and Officer HANSEN, while working as police

21 officers for the City of Visalia, and acting within the course and scope of their duties, intentionally

22 deprived Plaintiff of his freedom of movement by use of force, including threats of force, menace,

23 fraud, deceit, and unreasonable duress.

24       90.     Defendants Officer BURKDOLL and Officer HANSEN also detained Plaintiff.

25 Said detention was made without reasonable suspicion. There was an attempt to arrest the

26 Plaintiff. Said arrest was attempted without probable cause.

27       91.     Plaintiff did not knowingly or voluntarily consent.

28       92.     The conduct of Defendant Officers BURKDOLL and Officer HANSEN was a

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                     V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                         Carmen D. Sabater, Esq.
                                                                Ryann E. Hall, Esq.

1  substantial factor in causing the harm of the Plaintiff.

2      93.     CITY OF VISALIA is vicariously liable for the wrongful acts of Defendants

3  Officer BURKDOLL and Officer HANSEN pursuant to § 815.2(a) of the California Government

4  Code, which provides that a public entity is liable for the injuries caused by its employees within

5  the scope of the employment if the employee's act would subject him or her to liability.

6      94.     The conduct of Defendants Officer BURKDOLL and Officer HANSEN was

7  malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Mr.

8  RUBIO, entitling Plaintiff to an award of exemplary and punitive damages.

9      95.     Plaintiff is seeking all damages under this claim.

10                          **FIFTH CAUSE OF ACTION**

11  **ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

12                          **(AGAINST ALL DEFENDANTS)**

13      96.     The allegations set forth in this complaint are hereby re-alleged and incorporated

14  by reference.

15      97.     Defendants Officer BURKDOLL and Officer HANSEN, while working as Police

16  Officers for the CITY Police Department, and acting within the course and scope of their duties,

17  wrongfully, unlawfully, intentionally, and violently touched and battered  Mr. RUBIO sustaining

18  serious injuries.

19      98.     Defendants Officer BURKDOLL and Officer HANSEN had no legal justification

20  for their actions, and Defendants Officer BURKDOLL and Officer HANSEN use of force against

21  Mr. RUBIO, unjustified attack, assault, use of force (including but not limited to deploying a K-

22  9 dog attack), handcuffing and detention, while carrying out their duty as officers and as CITY

23  employees was an unreasonable use of force.

24      99.     Defendants Officer BURKDOLL and Officer HANSEN also intentionally used

25  unreasonable force against  Mr. RUBIO, including, but not limited to, twisting his wrists,

26  excessive force to his neck, slamming him on the ground, striking multiple times with fists,

27  striking multiple times in the head with a blunt object, deploying a K-9 dog to bite and tear his

28  body, when he posed no threat to the officers or anyone else while standing and while on the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.: 2:21-at-00172                                      Carmen D. Sabater, Esq.
                                                             Ryann E. Hall, Esq.

1   ground and defenseless.

2      100.    As a direct and proximate result of DEFENDANTS' conduct as alleged above,

3   Mr. RUBIO was caused to suffer severe physical pain and suffering.

4      101.    CITY OF VISALIA is vicariously liable for Defendants Officer BURKDOLL and

5   Officer HANSEN's wrongful acts pursuant to § 815.2(a) of the California Government Code,

6   which provides that a public entity is liable for the injuries caused by its employees within the

7   scope of the employment if the employee's act would subject him or her to liability.

8      102.    PLAINTIFF    is    informed    and    believes    and    thereon    alleges    that    the

9   DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious

10  disregard for the rights of Mr. RUBIO, entitling Mr. RUBIO to an award of exemplary damages

11  and punitive damages against Defendants Officer BURKDOLL and Officer HANSEN in an

12  amount to be determined at time of trial.

13     103.    As a result of their conduct, DEFENDANTS are liable for Mr. RUBIO's injuries,

14  either because they were integral participants in the assault and battery, or because they failed

15  to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

16     104.    PLAINTIFF is seeking all damages under this claim.

17                                    **SIXTH CAUSE OF ACTION**

18          **NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON LAW)**

19                                    **(AGAINST ALL DEFENDANTS)**

20     105.    PLAINTIFF re-alleges the information set forth in the preceding paragraphs and

21  incorporates them into this cause of action as if they were fully alleged herein.

22     106.    The actions of Defendants Officer BURKDOLL, Officer HANSEN, and CITY

23  toward Mr. RUBIO were negligent and reckless, including, but not limited to:

24          a.  The failure to properly and adequately assess the need to detain, arrest, and use

25             force against Plaintiff;

26          b.   The failure to monitor and record any use of force by the CITY OF VISALIA,

27             Chief SALAZAR, including Defendants Officer BURKDOLL and Officer

28             HANSEN;

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

c.   The failure to monitor and record any injuries specifically caused by the use of force by the CITY OF VISALIA, Chief SALAZAR, including Defendants Officer BURKDOLL and Officer HANSEN;

d.   The negligent tactics and handling of the situation with Plaintiff;

e.   The negligent detention, arrest, and use of force against Plaintiff including, but not limited to, twisting his wrists, excessive force to his neck, slamming him on the ground, striking multiple times with fists, striking multiple times in the head with a blunt object, deploying a K-9 dog to bite and tear his body, when he posed no threat to the officers or anyone else while standing and while on the ground and defenseless;

f.   The failure to properly train and supervise employees, both professional and non-professional, including Defendants Officer BURKDOLL and Officer HANSEN;

g.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Mr. RUBIO;

h.   The failure to provide prompt medical care to Mr. RUBIO; and

i.   The negligent handling of evidence and witnesses.

107.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

108.   In addition, at the aforementioned date, time and place, DEFENDANTS negligently, carelessly and without reasonable care, touched and violently battered PLAINTIFF.

109.   CITY OF VISALIA is vicariously liable for the wrongful acts of DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   The aforementioned acts and omissions of Defendants Officer BURKDOLL and Officer HANSEN were committed by them knowingly, willfully and maliciously, with the intent

5

to harm, injure, vex, harass and oppress PLAINTIFF, with conscious disregard to his known rights and deliberate indifference to the risk of injury to PLAINTIFF.  By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT CITY OF VISALIA) in an amount as proved.

111.     DEFENDANT CITY OF VISALIA knew or reasonably should have known that Defendants Officer BURKDOLL and Officer HANSEN would engage in such a violent misconduct against PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate result of those violations, PLAINTIFF would suffer injuries as alleged herein.

112.     DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANT officers so as to prevent these acts and omissions from occurring.

113.     DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate Defendants Officer BURKDOLL and Officer HANSEN.  As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT officers, Mr. RUBIO has suffered and continues to suffer injuries entitling her to damages in amounts to be proven at trial.

114.     By the aforesaid acts and omissions of DEFENDANTS, and each of them, Mr. RUBIO has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

115.     As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid,  Mr. RUBIO has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Mr. RUBIO. PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some, if not all, of the injuries are reasonably certain to be permanent in character.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                                                V. James DeSimone, Esq.
Case No.:  2:21-at-00172                                                       Carmen D. Sabater, Esq.
                                                                                          Ryann E. Hall, Esq.

116.    As a result of their conduct, DEFENDANTS are liable for Mr. RUBIO's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

117.    PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Mr. RUBIO, thereby justifying the award of exemplary damages  and punitive damages only against Defendants Officer BURKDOLL and Officer HANSEN  in an amount to be determined at trial.

118.    PLAINTIFF is seeking all damages under this claim.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF BANE ACT (CIVIL CODE § 52.1)

## (AGAINST ALL DEFENDANTS)

119.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

120.    As alleged herein, Defendants Officer BURKDOLL and Officer HANSEN, Chief SALAZAR, and CITY OF VISALIA interfered by threats, intimidation,  coercion, and/or violence with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

121.    DEFENDANTS' conduct caused Plaintiff extreme pain and suffering both with regards to physical and mental suffering.

122.    As a result of their conduct, DEFENDANTS are liable for Mr. RUBIO's injuries, either because they were integral participants in the misconduct, or because they failed to

5

1  intervene to prevent these violations, or under the doctrine of *respondeat superior*.

2  123.  As a direct and legal result of DEFENDANTS' acts and omissions, Mr. RUBIO

3  suffered damages, including, without limitation, pain and suffering, physical injuries and

4  sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of

5  suit.

6  124.  PLAINTIFF is informed and believes, and thereon alleges, that the acts of the

7  individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were

8  done win willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby

9  justifying the awarding of exemplary damages and punitive damages only against Defendants

10  Officer BURKDOLL and Officer HANSEN in an amount to be determined at time of trial.

11  125.  PLAINTIFF brings this claim seeking all damages under state law. PLAINTIFF

12  also seeks reasonable attorneys' fees under this claim.

### EIGHTH CAUSE OF ACTION

### INENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

16  126.  The allegations set forth in this complaint are hereby re-alleged and incorporated

17  by reference.

18  127.  Defendants Officer BURKDOLL and Officer HANSEN conduct as described

19  above was extreme and outrageous and was done with the intent of causing Mr. RUBIO to suffer

20  emotional distress or with reckless disregard as to whether their conduct would cause her to suffer

21  such distress.

22  128.  By the aforesaid acts and omissions of DEFENDANT officers, and each of them,

23  Mr. RUBIO has been directly and legally caused to suffer actual damages including, but not

24  limited to, extreme pain and suffering both with regards to physical and mental suffering.

25  129.  As a further direct and legal result of the acts and conduct of DEFENDANTS, and

26  each of them, as aforesaid, Mr. RUBIO has been caused to and did suffer and continues to suffer

27  physical pain and injury, severe emotional and mental distress, anguish, humiliation,

28  embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact

nature and extent of said injuries is presently unknown to Mr. RUBIO.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

130.    As a result of their conduct, DEFENDANTS are liable for Mr. RUBIO's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

131.    PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. RUBIO, thereby justifying the award of exemplary damages and punitive damages only against Defendants Officer BURKDOLL and Officer HANSEN are liable for  in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

132.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

133.    In the alternative, Defendants Officer BURKDOLL and Officer HANSEN conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon Mr. RUBIO's emotional well-being.

134.    By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Mr. RUBIO has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

135.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Mr. RUBIO has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation,

embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Mr. RUBIO.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some, if not all, of the injuries are reasonably certain to be permanent in character.

136.    As a result of their conduct, DEFENDANTS are liable for Mr. RUBIO's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

137.    PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. RUBIO, thereby justifying the award of exemplary damages and punitive damages only against Defendants Officer BURKDOLL and Officer HANSEN  in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS CITY OF VISALIA, CHIEF JASON SALAZAR, OFFICER MARISA BURKDOLL; OFFICER WILLIAM HANSEN, and DEFENDANT DOES 1-5, and each of them, as follows:

1.    For general economic and non-economic damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages where allowed by law;

4.    For equitable relief;

5.    For prejudgment interest;

6.    For costs of suit incurred herein;

7.    For attorney's fees as allowed by law;

8.    For civil penalties as allowed by law;

5

9.     For such other and further relief as this Court deems just and proper, and appropriate.

Date: March 1, 2021                                    **V. JAMES DESIMONE LAW**

By: _____

V. JAMES DESIMONE, ESQ.

CARMEN SABATER, ESQ.
RYANN E. HALL, ESQ.

Attorneys for PLAINTIFF,
RAYMUNDO VICENTE RUBIO

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.:  2:21-at-00172                               Carmen D. Sabater, Esq.
                                                       Ryann E. Hall, Esq.

1

## DEMAND FOR JURY TRIAL

2       PLAINTIFF hereby demands a trial by jury.

3

4   Date: March 1, 2021                              **V. JAMES DESIMONE LAW**

5

6                                        By: _____

7                                             V. JAMES DESIMONE, ESQ.
                                              CARMEN SABATER, ESQ.
8                                             RYANN E. HALL, ESQ.

9

10                                            Attorneys for PLAINTIFF,
                                              RAYMUNDO VICENTE RUBIO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Rubio v. City Los Angeles, et al.*                              V. James DeSimone, Esq.
Case No.:  2:21-at-00172                                         Carmen D. Sabater, Esq.
                                                                Ryann E. Hall, Esq.