UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO, | No. 1:21-cv-00286-DAD-SAB |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM GOVERNMENT CLAIMS PRESENTATION REQUIREMENTS |
| CITY OF VISALIA, et al., | |
| Defendants. | (Doc. No. 7) |

This matter is before the court on plaintiff's motion for relief from the presentation requirements of California Government Code § 945.4 filed on March 3, 2021. (Doc. No. 7.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the pending motion was taken under submission on the papers. (Doc. No. 8.) For the reasons explained below, the court will deny plaintiff's motion for relief from the claim presentation requirements of California Government Code § 945.4.

**BACKGROUND**

This case arises from an incident in which plaintiff Raymundo Vicente Rubio, a 32-year old disabled man, was allegedly attacked, assaulted, and handcuffed by law enforcement officers who also released a police canine on plaintiff. (Doc. No. 1 at 6.)

/////

1

On March 1, 2021, plaintiff filed his complaint in this civil rights action against defendants City of Visalia, Chief Jason Salazar, Officer Marisa Burkdoll, and Officer William Hansen.  (*Id.*)  Plaintiff asserts three federal causes of action under § 1983 against all defendants: (1) a claim of unreasonable search and seizure for his detention and arrest in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution; (2) a claim for use of excessive force in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution; and (3) a *Monell* claim of municipal liability in connection with the alleged constitutional violations.[1]  (*Id.* at 10–13.)  Plaintiff also asserts the following six state law claims against all defendants:  false arrest and imprisonment; assault and battery; negligence; violation of the Bane Act, California Civil Code § 52.1; intentional infliction of emotional distress; and negligent infliction of emotional distress.  (*Id.* at 13–23.)

On March 3, 2021, plaintiff filed the pending motion for relief from the presentation requirements of California Government Code § 945.4, as provided by § 946.6.  (Doc. No. 7.)  On June 22, 2021, defendants filed their opposition, in which they argue that this federal court has no authority to grant the relief plaintiff has requested because § 946.6 explicitly vests such jurisdiction in the California state superior courts, not federal district courts.  (Doc. No. 18.)  On June 29, 2021, plaintiff filed his reply thereto.  (Doc. No. 19.)

## DISCUSSION

In his pending motion for relief from the presentation requirements of California Government Code § 945.4, as provided by § 946.6, plaintiff argues that the court should grant his motion because his application to the City of Visalia was brought within a reasonable time and was only late due to his excusable neglect.  (Doc. No. 7 at 4.)  However, as defendants point out, this federal court does not have the authority to grant plaintiff relief from the presentation requirements under California law.  (Doc. No. 18 at 4.)

Section 946.6 provides as follows:

> If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the

---

[1]  *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).

1  court for an order relieving the petitioner from Section 945.4.  The
2  proper court for filing the petition is a *superior court* that would be a
   proper court for the trial of an action on the cause of action to which
3  the claim relates.

4  Cal. Gov't Code § 946.6 (emphasis added).

5         The vast majority of district courts in this state have interpreted § 946.6 as vesting the

6  California superior courts, not federal courts, with the sole jurisdiction over petitions for relief

7  from the requirements of § 945.4.  *See Garza v. Alvara*, No. 1:15-cv-00234-DAD-SKO, 2016 WL

8  4921542, at *9 (E.D. Cal. July 8, 2016), *report and recommendation adopted*, 2016 WL 4899676

9  (E.D. Cal. Sept. 14, 2016) (dismissing a § 946.6 petition for lack of jurisdiction); *Guerrero v.*

10  *County of Alameda*, No. 18-cv-02379-WHA, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018)

11  (dismissing state claims brought against defendants and noting that "[f]ederal district courts do

12  not have the authority to grant the relief requested in plaintiff's motion, [and] instead plaintiff

13  needs to file the petition in a California Superior Court"); *Raghukultilak v. California Dep't of*

14  *Corr. & Rehab.*, No. 2:19-cv-00455-TLN-DMC, 2020 WL 6784549, at *2 (E.D. Cal. Nov. 18,

15  2020) ("Because the plain language of § 946.6 as amended explicitly vests jurisdiction only with

16  state superior courts, the Court agrees with the majority of courts in this circuit that it lacks

17  jurisdiction to grant Plaintiff's requested relief.").

18         Plaintiff cites the decision in *Perez v. City of Escondido*, 165 F. Supp. 2d 1111 (S.D. Cal.

19  2001) for the premise that this court has jurisdiction to grant his request in this regard.  (Doc. No.

20  19 at 4.)  That decision, however, was issued before § 946.6 was amended in 2002 to include the

21  term "superior" before the word "court" in reference to in which court a request for relief could

22  be filed.  *See Hill v. City of Clovis*, No. 1:11-cv-1391-AWI-SMS, 2012 WL 787609, at *12 (E.D.

23  Cal. Mar. 9, 2012).  "The 'proper court' for obtaining relief is no longer 'a court,' rather it is now

24  a 'superior court.'"  *Id.* (quoting Cal. Gov't Code § 946.6(a)).

25  /////

26  /////

27  /////

28  /////

3

Accordingly, the court will deny plaintiff's motion for relief from the presentation requirements of California Government Code § 945.4.[2]

### CONCLUSION

For the reasons set forth above, plaintiff's motion for relief from the presentation requirements of California Government Code § 945.4 (Doc. No. 7) is denied because this court lacks the authority to grant the requested relief.

IT IS SO ORDERED.

Dated:  __July 19, 2021__                    _____

UNITED STATES DISTRICT JUDGE

---

[2]  Defendants have not filed a motion to dismiss plaintiff's state claims, though in their answer they have pled as an affirmative defense that "Plaintiff's action is barred by the provisions of the California Government Code[.]"  (Doc. No. 14 at 3.)