1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF VISALIA, et al.,<br><br>                    Defendants. | Case No.  1:21-cv-00286-DAD-SAB<br><br>ORDER ENTERING STIPULATED<br>PROTECTIVE ORDER<br><br>(ECF No. 25) |

20

### **STIPULATED PROTECTIVE ORDER**

21

### 1.  PURPOSES AND LIMITATIONS

22       Disclosure and discovery activity in this action are likely to involve production of

23 confidential, proprietary, or private information for which special protection from public

24 disclosure and from use for any purpose other than prosecuting or defending this litigation would

25 be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this

26 Stipulated Protective Order.

27       The Parties acknowledge that this Stipulated Protective Order does not confer blanket

28 protections on all disclosures or responses to discovery and that the protection it affords extends

only to the specified information or items that are entitled, under the applicable legal principles, to treatment as confidential.

The Parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal, except to the extent specified herein; Eastern District Local Rules 141, 141.1 and 251 set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Stipulated Protective Order shall be construed so as to require or mandate that a Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material hereunder.

**2.  GOOD CAUSE STATEMENT**

Defendants contend that there is good cause and a particularized need for a protective order to preserve the interests of confidentiality and privacy in peace officer personnel file records and associated investigative or confidential records for the following reasons:

First, Defendants contend that peace officers have a federal privilege of privacy in their personnel file records: a reasonable expectation of privacy therein that is underscored, specified, and arguably heightened by the *Pitchess* protective procedure of California Law.  *See Sanchez v. Santa Ana Police Department*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012 WL 394200, *2-3, 5 (E.D. Cal. 2012) (concluding that "while [f]ederal law applies to privilege based discovery disputes involving federal claims," the "state privilege law which is consistent with its federal equivalent significantly assists in applying [federal] privilege law to discovery disputes"); *Soto v. City of Concord,* 162 F.R.D. 603, 613, n. 4, 616 (N.D. Cal. 1995) (peace officers have constitutionally-based "privacy rights [that] are not inconsequential" in their police personnel records); *cf*. Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.  Defendants further contend that uncontrolled disclosure of such personnel file information can threaten the safety of Non-Party witnesses, officers, and their families/associates.

Second, Defendants contend that municipalities and law enforcement agencies have

federal deliberative-executive process privilege, federal official information privilege, federal law enforcement privilege, and federal attorney-client privilege (and/or attorney work product protection) interests in the personnel files of their peace officers – particularly as to those portions of peace officer personnel files that contain critical self-analysis, internal deliberations/decision-making or evaluation analysis, or communications for the purpose of obtaining or rendering legal advice or analysis, potentially including but not limited to evaluative/analytical portions of Internal Affairs type records or reports, evaluative/analytical portions of supervisory records or reports, and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal advice. *See Sanchez*, 936 F.2d 15 1033-1034; *Maricopa Audubon Soc'y v. United States Forest Serv*., 108 F.3d 1089, 1092-105 (9th Cir. 1997); *Soto*, 162 F.R.D., at 613, 613 n. 4; *Kelly v. City of San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D.D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D.Or. 2007); *Admiral Ins. Co. v. United States Dist. Ct*., 881 F.2d 1486, 1492, 1495 (9th Cir. 1988). Defendants further contend that such personnel file records are restricted from disclosure by the public entity's custodian of records pursuant to applicable California law and that uncontrolled release is likely to result in needless intrusion of officer privacy; impairment in the collection of third-party witness information and statements and related legitimate law enforcement investigations/interests; and a chilling of open and honest discussion regarding and/or investigation into alleged misconduct that can erode a public entity's ability to identify and/or implement any remedial measures that may be required.

Third, Defendants contend that, since peace officers do not have the same rights as other private citizens to avoid giving compelled statements, it is contrary to the fundamental principles of fairness to permit uncontrolled release of officers' compelled statements.  (*See generally, Lybarger v. City of Los Angeles* (1985) 40 Cal.3d 822, 838-830.)

Accordingly, although Plaintiff disputes the extent to which the foregoing categories of documents should remain confidential during discovery, the parties hereby otherwise agree, that to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to

keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

material in preparation for and in the conduct of trial, to address their handling at the end of the

litigation, and serve the ends of justice, a protective order for such information is justified in this

matter.  It is the intent of the parties that information will not be designated as confidential for

tactical reasons and that nothing be so designated without a good faith belief that it has been

maintained in a confidential, non-public manner, and there is good cause why it should not be

part of the public record of this case.

The parties jointly contend that there is typically a particularized need for protection as to

any medical or psychotherapeutic records, because of the privacy interests at stake.  Because of

these sensitive interests, a court order should address these documents rather than a private

agreement between the parties.

**3. DEFINITIONS**

3.1.    Party:  Any party to this action, including all of its officers, directors, employees,

agents, consultants, retained experts, house counsel and outside counsel (and/or the support staff

thereof).

3.2.    Challenging Party:  A Party or Non-Party that challenges the designation of

information or items under this Order.

3.3.    Non-Party:  Any natural person, partnership, corporation, association, or other legal

entity not named as a Party to this action.

3.4.   Disclosure or Discovery Material:  All items or information, regardless of the

medium or manner generated, stored or maintained (including, among other things, testimony,

transcripts, or tangible things) that are produced – or generated in disclosures or responses to

discovery – by any Party in this matter.

3.5.    "CONFIDENTIAL" Information or Items:   Information (regardless of the

medium or how generated, stored or maintained) or tangible things that qualify for protection

under Federal Rule of Civil Procedure 26(c), and/or applicable federal privileges.  This material

includes, but is not limited to, medical and psychotherapeutic records; as well as peace officer

personnel records as defined by California Penal Code sections 832.5, 832.7, 832.8 and the

4

associated case law; and other similar confidential records designated as such.

3.6.    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party, including a Party that has noticed or subpoenaed and is taking a depositions or comparable testimony.

3.7.  Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action, including a Party that is defending a deposition noticed or subpoenaed by another Party; additionally, for the limited purpose of designating testimony subject to this Stipulated Protective Order pursuant to Section 6.2(b) (infra), a "Producing Party" shall also be construed to include a Party that is attending and/or participating in a Non-Party deposition noticed or subpoenaed by another Party.

3.8.    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.9.  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulated Protective Order.  (The term "Confidential Document" shall be synonymous with the term "Protected Materials" for the purposes of this Stipulated Protective Order.)

3.10.  Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff).

3.11.  House Counsel: Attorneys who are employees of a Party (as well as their support staff).

3.12.  Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staff).

3.13   Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2) or other applicable discovery rule or statute.

3.14.   Professional Vendors: Persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

### 4.  SCOPE OF PROTECTION

The protections conferred by the Parties pursuant to this Stipulated Protective Order cover not only Protected Material/Confidential Documents (as defined below), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by the parties pursuant to this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Except to the extent specified herein (if any), any use of Protected Material at trial shall not be governed by this Stipulated Protective Order, but may be governed by a separate agreement or order.

### 5.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

**6.  DESIGNATING PROTECTED MATERIAL**

6.1.   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For testimony given in depositions or in other pretrial or trial proceedings, that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of testimony as "CONFIDENTIAL."  Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection with the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Materials must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the Producing Party.

(c)     For information produced in some form other than documentary, and for any other tangible items (including but not limited to information produced on disc or electronic data storage device), that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent

practicable, shall identify the protected portion(s), specifying the material as " CONFIDENTIAL."

6.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected (preferably, though not necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If the material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.4.  <u>Alteration of Confidentiality Stamp Prohibited</u>.  A Receiving Party shall not alter, edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that Protected Material is not subject to the terms and provisions of this Stipulated Protective Order.  However, nothing in this section shall be constructed so as to prevent a Receiving Party from challenging a confidentiality designation subject to the provisions of section 7, infra.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time prior to the final pre-trial conference with the court in the matter. Unless a prompt challenge to the Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2.  <u>Meet and Confer</u>.  Prior to challenging a confidentiality designation,  a Challenging Party shall initiate a dispute resolution process by providing written notice of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice

must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Stipulated Protective Order.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but not by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidential designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Frivolous challenges, and those challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Party making the challenge to sanctions.

7.3.   Judicial Intervention.  If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove the "CONFIDENTIAL" designation in compliance with Local Rule 251.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.4. Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a Designating Party may remove Protected Material/Confidential Documents from other or all of the protections

and provisions of this Stipulated Protective Order at any time by any of the following methods:

(a)     Express Written Withdrawal.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from some or all of the protections of this Stipulated Protective Order by an express withdrawal in a writing signed by such Party (or such Party's counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this Stipulated Protective Order. Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.  If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of this Stipulated Protective Order, such Party must state which specific provisions are no longer to be enforced as to the specific material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulated Protective Order;

(b)     Express Withdrawal on the Record:  A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulated Protective Order by verbally consenting in court proceedings on the record to such withdrawal; provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to any of the provisions of this Stipulated Protective Order.  A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulated Protective Order by this method; and

(c)     Implicit Withdrawal by Publication or Failure to Oppose Challenge.  A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulated Protective Order by either (1) making such Protected Material/Confidential Records part of the public record, including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records;  (2)

1  failing to timely oppose a Challenging Party's motion to remove a

2  "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.

3  Nothing in this Stipulated Protective Order shall be construed as to require any Party to file

4  Protected Material/Confidential Documents under seal, unless expressly specified herein.

5  **8.   ACCESS TO AND USE OF PROTECTED MATERIAL**

6  8.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

7  produced by another Party or by a Non-Party in connection with this Action only for preparing,

8  prosecuting, defending, or attempting to settle this litigation, up to and including final disposition

9  of the above-entitled action, and not for any other purpose, including any other litigation or

10  dispute outside the scope of this action.  Such Protected Material may be disclosed only to the

11  categories of persons and under the conditions described in this Stipulated Protective Order.

12  When the above-entitled litigation has been terminated, a Receiving Party must comply with the

13  provisions of Section 14 below (FINAL DISPOSITION).

14  Protected Material must be stored and maintained by a Receiving Party at a location and

15  in a secure manner that ensures that access is limited to the persons authorized under this

16  Stipulated Protective Order.

17  8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

18  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

19  information or item designated "CONFIDENTIAL" only to:

20  (a)   The Receiving Party's Outside Counsel of Record in this action, as well as

21  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

22  information for this litigation;

23  (b)   The officers, directors, and employees (including House Counsel) of the Receiving

24  Party to whom disclosure is reasonably necessary for this litigation, each of whom, by accepting

25  receipt of such Protected Material, thereby agree to be bound by this Stipulated Protective Order

26  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27  (c)   Experts (as defined in this Stipulated Protective Order) of the Receiving Party to

28  whom disclosure is reasonably necessary for this litigation, each of whom, by accepting receipt of

such Protected Material, thereby agree to be bound by this Stipulated Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   The court and its personnel;

(e)   Court reporters, their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation, each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulated Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   During their depositions, witnesses and attorneys for witnesses, in the action to whom disclosure is reasonably necessary each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by this Stipulated Protective Order and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)   The author or custodian of a document containing the information that constitutes Protected Material, or other person who otherwise possessed or knew the information.

8.3.   <u>Notice of Confidentiality.</u>  Prior to producing or disclosing Protected Material/Confidential Documents to persons to whom this Stipulated Protective Order permits disclosure or production (see Section 8.2. supra), a Producing Party shall provide a copy of this Stipulated Protective Order to such persons so as to put such persons on notice as to the restrictions imposed upon them and provide and request that a copy of the "Acknowledgment and Agreement to Be Bound" be signed by them.   For court reporters, Professional Vendors, and for witnesses being provided with Protected Material during a deposition, it shall be sufficient notice for counsel for the Producing Party to give the witness a verbal admonition (on the record for witnesses) regarding the provisions of this Stipulated Protective Order and such provisions' applicability to the specified Protected Material at issue.

8.4.   <u>Reservation of Rights.</u>  Nothing in this Stipulated Protective Order shall be construed as to require any Producing Party to designate any records or materials as

13

"CONFIDENTIAL."  Nothing in this Stipulated Protective Order shall be construed so as to prevent the admission of Protective Material into evidence at the time of this action, or in any appellate proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been designated as Protected Material/Confidential Documents.  Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall be construed as a waiver of any privileges or of any rights to object to the use or admission into evidence of any Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges asserted or objections made are valid or applicable.  Nothing in this Stipulated Protective Order shall be construed so as to prevent the Designating Party (or its counsel or custodian of records) from having access to and using Protected Material designated by the Party in the manner in which such persons or entities would typically use such materials in the normal course of their duties or profession, except that the waiver of confidentiality provisions shall apply (see Section 7.4(c), supra).

8.5.   <u>Requirement to File Confidential Documents Under Seal.</u>  Confidential Documents may be submitted in all law and motion proceedings before the Court if done so under seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court, Eastern District Local Rules 141, 141.1, 143 and 251 (as applicable) and pursuant to the provisions of this Stipulated Protective Order.

This paragraph shall not be construed so as to prevent a Designating Party or counsel from submitting, filing, lodging, or publishing any document it has previously designated as a Confidential Document without compliance with this section's requirement to do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own Confidential Documents without being in violation of the terms of this Stipulated Protective Order.)

Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph as to any specifically identified Confidential Document(s) where, prior to submission or publication of the Confidential Document(s) at issue, the Designating Party of such specifically identified Confidential Document(s) has waived and/or withdrawn the protections of this Stipulated Protective Order.

A Receiving Party shall also be exempt from the sealing requirements of this section where the Confidential Documents/Protected Material at issue is/are **not** documents, records, or information regarding or incorporating:

(1) Private, personal information contained in peace officer personnel files (such as social security numbers, driver's license numbers or comparable personal government identification numbers, residential addresses, compensation or pension or personal property information, credit card numbers or credit information, dates of birth, tax records and information, information related to the identity of an officer's family members or co-residents, and comparable personal information about the officer or his family, marital status, and educational and employment history);

(2) Election of employee benefits;

(3) Employee advancement, appraisal or discipline;

(4) Complaints, or investigation of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties; and

(5) Medical history, medical records or records of psychiatric or psychological treatment of any peace officer or party to this action.

Nothing in this paragraph shall be construed to bind the court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the court has deemed such Confidential Documents to be admissible into evidence.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order at issue;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the

16

1    information requested; and

2              (3)    Make the information requested available for inspection by the Non-Party,

3    if requested.

4         (c)    If the Non-Party fails to seek a protective order from this court within 14 days of

5    receiving the notice and accompanying information, the Receiving Party may produce the Non-

6    Party's confidential information responsive to the discovery request.  If the Non-Party timely

7    seeks a protective order, the Producing Party shall not produce any information in its possession

8    or control that is subject to the confidentiality agreement with the Non-Party before a

9    determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

10   burden and expense of seeking protection in this court of its Protected Material.

11        **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13   Material to any person or in any circumstance not authorized under this Stipulated Protective

14   Order, the Receiving Party must immediately:

15        (a) notify in writing the Designating Party of the unauthorized disclosures;

16        (b)  use its best efforts to retrieve all unauthorized copies of the Protected

17   Material;

18        (c)    inform the person or persons to whom unauthorized disclosures were made of all

19   the terms of this Stipulated Protective Order; and

20        (d)    request such person or persons to consent to and execute the "Acknowledgment

21   and Agreement to Be Bound" that is attached hereto as Exhibit A.

22        **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
                    PROTECTED MATERIAL**

23

24        When a Producing Party gives notice to Receiving Parties that certain inadvertently

25   produced material is subject to a claim of privilege or other protection, the obligations of the

26   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

27   provision is not intended to modify whatever procedure may be established in an e-discovery

28   order that provides for production without prior privilege review.

**13.  PUBLICATION OF PROTECTED MATERIAL PROHIBITED**

13.1.  <u>Filing of Protected Material</u>.  Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested parties, a Receiving party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with the applicable Federal and Local Rules.

13.2.  <u>Public Dissemination of Protected Material.</u>   A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by the parties' Stipulated Protective Order; nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum.

**14.  FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) after the final termination of this action (defined as the dismissal or entry of judgment by the above-named court, or if an appeal is filed, the disposition of the appeal), upon written request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that specifically (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material; however,

any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 above.  This court shall retain jurisdiction in the event that a Designating Party elects to seek sanctions for violation of this Stipulated Protective Order.

**15.    MISCELLANEOUS**

15.1.    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

15.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**<u>EXHIBIT A</u>**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued in the United States District Court for the Eastern District of California on _____ [date] in the case of *Rubio v. City of Visalia, et al.*, bearing case number 1:21-cv-00286-DAD-SAB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the terms of the Stipulated Protective

19

1  Order, even if such enforcement proceedings occur after the termination of this action.

2  Dated: _____

3  Printed Name: _____

4  Signature: _____

5  ///

6  ///

7  ///

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

### COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1.   The above stipulated protective order is ENTERED;

2.   The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3.   The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

4.   If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   **November 3, 2021**

_____
UNITED STATES MAGISTRATE JUDGE