# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF VISALIA, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00286-DAD-SAB<br><br>ORDER RE: INFORMAL DISCOVERY DISPUTE<br><br>(ECF Nos. 27, 28) |

On January 14, 2022, the parties filed a joint informal discovery dispute letter brief. (ECF No. 28.) The dispute involves the manner in which three of Plaintiff's witnesses may be deposed. An informal videoconference was held on January 20, 2022 to address the dispute. Counsel Vincent J. DeSimone appeared for Plaintiff and counsel Leonard Charles Herr appeared for Defendants.

**I.**

**BACKGROUND**

Plaintiff Raymundo Vicente Rubio initiated this action on March 1, 2021, asserting multiple federal and state law claims against Defendants City of Visalia, Chief Jason Salazar, and Officers Marisa Burkdoll and William Hansen. (ECF No. 1.) The action arises from an incident on January

1

22, 2020, when Plaintiff was allegedly targeted by the Officer Defendants due to his race, beaten by the officers, and attacked by Defendants' police dog. Plaintiff additionally asserts a Monell claim and claims pursuant to the doctrine of respondeat superior against the City of Visalia.

On September 10, 2021, the Court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16. (ECF No. 24.) Pursuant to the order: the non-expert discovery deadline is set for May 6, 2022; the expert discovery deadline is July 1, 2022; the dispositive motion deadline is September 2, 2022; and the pretrial conference is set for May 22, 2023. No trial date is set.

The instant discovery dispute arises from Defendants' attempts to depose three of Plaintiff's witnesses: Helen Salinas (Plaintiff's mother), Yajaida Keys, and Juan Flores. The last two witnesses were listed in Plaintiff's initial disclosures and purportedly may only be contacted through Plaintiff's counsel. Defendants want to depose the witnesses in-person and seek production of documents from Ms. Salinas. Plaintiff argues the depositions should be conducted remotely in light of the pandemic. Moreover, Plaintiff seeks an order from the Court limiting Defendant City of Visalia to deposing Ms. Keys only once across two civil litigations — the instant case and a separate lawsuit filed by Ms. Keys on November 29, 2021 against the City (No. 1:21-cv-01700-NONE-HBK) — which Defendants oppose. The parties appeared on January 20, 2022 via videoconference for an informal discovery dispute hearing to address these issues.

## II.

## LEGAL STANDARD

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

# III.

# DISCUSSION

As noted, the discovery dispute involves Defendants' requests to depose Helen Salinas, Yajaida Keys, and Juan Flores in-person, Plaintiff's request to limit City of Visalia to only deposing Ms. Keys once for the two identified lawsuits against the City, and Defendants' request for production of documents from Ms. Salinas.

### A. Defendants' Request to Depose Helen Salinas, Yajaida Keys, and Juan Flores In-Person

Defendants seek to depose Plaintiff's witnesses in-person. At some point during prior meet and confer discussions, Plaintiff's counsel appears to have consented to producing Ms. Keys in-person but currently objects to producing the witness for in-person depositions due to health concerns amid the current state of infectious COVID variants and increased level of positive COVID cases during the pandemic.

Defendants oppose remote depositions for several reasons, arguing remotely taken depositions are more susceptible to abuse of the deposition process and that a deposing party would not be able to discern whether a deponent was utilizing outside sources or communicating with people off-screen which would taint the deponent's testimony and in-person depositions are required to assess each deponent's credibility. Defendants further argue Plaintiff's COVID-related concerns may be assuaged because all accommodations have been made to conduct in-person depositions: City's counsel are fully vaccinated; they have an ADA compliant law office with a large wheelchair accessible conference room; counsel is willing to socially distance during the depositions; counsel, staff, and the court reporter are all willing to wear masks; and the deponents may wear masks if they prefer. Finally, Defendants argue California law provides any party or their attorney can choose to be in the deposition room with the deponent. Cal. Code Civ. Proc. § 2025.310(b).

In response, Plaintiff argues Federal Rule of Civil Procedure 30(b)(4) allows for depositions to proceed remotely by videoconference. See also Masimo Corp. v. Apple Inc., No. 820CV00048JVSDEX, 2021 WL 4618601 (C.D. Cal. May 11, 2021). Plaintiff argues Ms. Salinas

previously had an extended bout with COVID and is therefore afraid to contract it again; Mr. Flores is in a wheelchair and contracting COVID would present a number of challenges. Plaintiff's counsel has additionally expressed uncomfortableness with attending an in-person deposition due to risk factors including age and preexisting conditions which make COVID more life-threatening. Finally, Plaintiff asserts that as no depositions have been taken in this matter, none of the concerns regarding tainted remote testimony have arisen in this case, and counsel suggests if such issues do arise, the parties may address them at that time.

The Court finds the issues raised by Defendants persuasive. In-person depositions are crucial to assessing a witness's potential presentation at trial, veracity, and credibility. Plaintiff's concerns regarding transmissibility of COVID may be addressed through the extensive precautions outlined by Defense counsel. Because the discovery cut-off date is not until May 2022, the parties have some time to take additional measures to prevent the spread and transmission of COVID, including vaccination and self-quarantine if they so choose. Plaintiff's request to conduct the depositions remotely is therefore DENIED. The parties shall confer privately to set deposition dates for the witnesses to occur at the end of March 2022, at a date and time convenient to the parties.

**B.      Plaintiff's Request to Limit City of Visalia to One Deposition of Yajaida Keys**

On November 29, 2021, Ms. Keys filed a separate lawsuit against City of Visalia on behalf of her son Jordan Gutierrez, Gutierrez v. City of Visalia, 1:21-cv-01700-NONE-HBK (E.D. Cal. 2021). Plaintiff maintains the subject matter of the Gutierrez lawsuit is the same; therefore, Ms. Keys should only be deposed once by City of Visalia in regard to these two lawsuits.

Defendants dispute this characterization. They argue Ms. Keys is being deposed in the instant litigation as a witness, based on her observations of the City's use of canines in the field. Yet in Gutierrez, Ms. Keys is a party plaintiff asserting two claims against the City and others for false arrest/false imprisonment and negligent infliction of emotional distress; Defendants argue the City should not be prejudiced by being barred from deposing Ms. Keys a second time in her capacity as a party plaintiff in the Gutierrez case.

The Court agrees with Defendants. The deposition testimony Ms. Keys may provide as a

4

witness in support of Plaintiff's Monell claim is more specific and limited than the deposition testimony she would be expected to provide as a party plaintiff in the second case against the City. Testimony regarding issues such as damages may be relevant to Ms. Keys' deposition testimony in the second case that would not be relevant during the instant deposition. The Court is hesitant at this time to foreclose defense's right to pursue issues that may newly arise in the second case, in which Keys is a party plaintiff and not just a percipient witness, nor should Defendants be delayed in seeking Ms. Keys's deposition testimony relevant to the instant case now. Plaintiff's request to limit Defendants to taking only one deposition of Ms. Keys as pertaining to the instant case and the other matter, Gutierrez v. City of Visalia, 1:21-cv-01700-NONE-HBK (E.D. Cal. 2021), is therefore DENIED.

### C. Request for Production of Documents from Helen Salinas

Defendants also contend they sought production of documents from Ms. Salinas in her notice of deposition and subpoena, which Plaintiff objected to on the basis that "Responding Party has produced all non-privileged documents in her possession, custody or control, if any," stating that Ms. Salinas would produce additional documents in the future, if any become available. Defendants maintain these objections are without merit, as Ms. Salinas is a nonparty witness with no obligation to supplement a document production and she has not previously produced any documents. Moreover, Defendants assert the documents requested in the deposition notice — documents based on the allegations set forth in Ms. Salinas's March 3, 2021 declaration (ECF No. 7-2) — were not requested before and were not produced in Plaintiff's initial disclosures. Rather, Defendants argue Ms. Salinas must either produce the requested documents at the time of her deposition or provide confirmation that she is not in possession of the documents sought.

Plaintiff does not oppose Defendants' request to either identify the documents previously produced by Plaintiff that originated from Ms. Salinas or to produce the requested documents in advance of Ms. Salinas's deposition. Defendants' request for production is therefore GRANTED.

## IV.

## ORDER

Accordingly, based on the discussion during the informal conference, IT IS HEREBY

ORDERED that:

1. Defendants' request to depose Helen Salinas, Yajaida Keys, and Juan Flores in-person is GRANTED. The parties shall set deposition dates for the witnesses to occur at the end of March 2022, at dates and times convenient to the parties;

2. Plaintiff's request to limit Defendant City of Visalia to one deposition of Yajaida Keys for both the instant case and the Gutierrez litigation is DENIED and the Court declines to issue any discovery rulings or other orders with respect to the unrelated case, Gutierrez v. City of Visalia, at this time; and

3. Defendants' request for production of documents from Helen Salinas is GRANTED. Counsel for Plaintiff shall either identify which previously produced documents originated with Ms. Salinas or produce the requested documents in advance of Ms. Salinas's deposition.

IT IS SO ORDERED.

Dated: **January 20, 2022**

UNITED STATES MAGISTRATE JUDGE