1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO, | Case No.  1:21-cv-00286-DAD-SAB |
| Plaintiff, | ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AND DIRECTING MEDICAL EVIDENCE TO BE FILED UNDER SEAL |
| v. | |
| CITY OF VISALIA, et al., | |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

On March 1, 2021, a complaint in this action was filed on behalf of Raymundo Vicente Rubio ("Plaintiff"), alleged to be an incompetent adult.  (ECF No. 1.)  On March 15, 2022, a petition for appointment as a guardian ad litem for Mr. Rubio was filed.  (ECF No. 31.)  Helen Maria Salinas ("Petitioner"), who is Plaintiff's mother, seeks to be appointed as guardian ad litem for Plaintiff.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or an incompetent person may sue or defend on the incompetent person's behalf.  Fed. R. Civ. P. 17(c)(1).  If the minor or incompetent person "does not have a duly appointed representative," they "may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).  "The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in the action."  Id.  This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the

1

litigation.  United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment of the guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."  Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 9 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward.  Id. (citations omitted).

Capacity to sue or be sued is determined by the law of the individual's domicile.  Fed. R. Civ. P. 17(b)(1).  Under California law, "[t]he test for incompetence . . . is whether the party has the capacity to understand the nature or consequences of the proceeding, and is able to assist counsel in preparation of the case."  Lee v. Retail Store Employee Bldg. Corp., No. 15-cv-04768-LHK, 2017 WL 565710, at *3 (N.D. Cal. Feb. 13, 2017) (quoting In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001)); A.A. on behalf of A.A. v. Clovis Unified Sch. Dist., No. 1:13-cv-01043-AWI-MJS, 2018 WL 1167927, at *2 (E.D. Cal. Mar. 6, 2018), report and recommendation adopted sub nom. A.A. v. Clovis Unified Sch. Dist., No. 1:13-cv-01043-AWI-MJS, 2018 WL 1453243 (E.D. Cal. Mar. 23, 2018).  Appointment of a guardian ad litem implicates due process concerns because an incompetency finding and the subsequent appointment of a guardian ad litem deprives a litigant of the right to control the litigation and subjects the litigant to possible stigmatization.  Gibson v. Hagerty Ins. Agency, No. 1:16-cv-00677-DAD-BAM, 2017 WL 1022792, at *2 (E.D. Cal. Mar. 16, 2017) (citing Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203 (2d Cir. 2003) and Thomas v. Humfield, 916 F.2d 1032, 1034 (5th Cir. 1990)).

"In most cases, a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing."  Jurgens v. Dubendorf, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015); Gibson, 2017 WL 1022792, at *2.  The Ninth Circuit has indicated that in considering a litigant's competency a court may consider

sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating medical providers, and medical records.  See Allen v. Calderon, 408 F.3d 1150, 1151–53 (9th Cir. 2005); Gibson, No. 2017 WL 1022792, at *2.

The petition, signed only by Plaintiff's attorney, alleges: (1) Petitioner is Plaintiff's mother; (2) Plaintiff is a disabled adult; (3) Petitioner is a resident of the County of Tulare; and (4) Petitioner is a responsible adult and fully competent to understand and protect the rights of Plaintiff.  (ECF No. 31.)  In a declaration of consent of nominee to appointment of guardian ad litem for Plaintiff, Petitioner additionally alleges: (1) Plaintiff is a disabled adult plaintiff; and (2) Petitioner consents to herself to act as guardian ad litem for Plaintiff.  (ECF No. 31-1.)

No declaration by Plaintiff or medical evidence has been submitted in support of the petition.  Nor does the declaration submitted by Petitioner address the considerations for the test for incompetence, as set forth under California law.  Therefore, the Court shall require the submission of medical evidence addressing the diagnosis and competency of Plaintiff.  The Court is unable to make a determination as to Plaintiff's competency without the submission of such evidence.  Plaintiff has a legitimate privacy interest in the medical records and the Court finds good cause exists for such documents to be filed under seal.  The Court shall also require a declaration from Petitioner addressing these issues and her ability to represent Plaintiff as guardian ad litem.

///
///
///
///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1.  **Within fourteen (14) days** of the date of entry of this order, Plaintiff shall submit supplemental briefing in support of the petition for appointment of guardian ad litem as discussed herein, including medical records and a supplemental declaration from Petitioner Helen Maria Salinas; and

2.  To protect Plaintiff's confidential medical information, Plaintiff shall file the required medical evidence, declarations, or letters addressing medical issues under seal.  Plaintiff is directed to Local Rule 141(e)(2)(i) for the procedure to submit documents to be sealed.

IT IS SO ORDERED.

Dated:  __**March 15, 2022**__

_____
UNITED STATES MAGISTRATE JUDGE