# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF VISALIA, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00286-DAD-SAB<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>ORDER GRANTING REQUEST TO SEAL DOCUMENTS AND DIRECTING CLERK OF THE COURT TO FILE PLAINTIFF'S MEDICAL RECORDS UNDER SEAL<br><br>(ECF Nos. 31, 33, 34) |

On March 1, 2021, a complaint in this action was filed on behalf of Raymundo Vicente Rubio ("Plaintiff"), alleged to be an incompetent adult.  (ECF No. 1.)  On March 15, 2022, Petitioner Helen Maria Salinas ("Petitioner"), who is Rubio's mother, filed a petition for appointment of guardian ad litem, seeking to be appointed as guardian ad litem for Plaintiff. (ECF No. 31.)  Finding the petition to be legally and substantively deficient, the Court ordered supplemental briefing on the petition and directed any medical evidence submitted to be filed under seal.  (ECF No. 32.)

On March 29, 2022, Petitioner filed supplemental briefing in support of the petition for appointment of guardian ad litem as well as a notice of request to seal Exhibit A to Plaintiff's supplemental briefing.  (ECF Nos. 33, 34.)  Petitioner additionally filed a redacted version of

1 | Exhibit A with her supplemental briefing and request to seal.  (See ECF Nos. 33-1, 34-1.)

2 |     Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an
3 | incompetent person may sue or defend on the incompetent person's behalf.  Fed. R. Civ. P.
4 | 17(c).  This requires the Court to take whatever measures it deems appropriate to protect the
5 | interests of the individual during the litigation.  United States v. 30.64 Acres of Land, More or
6 | Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The
7 | appointment of the guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is
8 | authorized to act on behalf of his ward and may make all appropriate decisions in the course of
9 | specific litigation."  Id.  A guardian ad litem need not possess any special qualifications, but he
10 | must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."
11 | AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 9 (E.D. Cal. 2015).  This means that the
12 | guardian ad litem cannot face an impermissible conflict of interest with the ward and courts
13 | consider the candidate's "experience, objectivity, and expertise" or previous relationship with the
14 | ward.  Id. (citations omitted).

15 |     "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests
16 | of each are the same, no need exists for someone other than the parent to represent the child's
17 | interests under Rule 17(c)."  Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub
18 | nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed
19 | as a guardian ad litem, there are situations where the best interests of the minor and the interests
20 | of the parent conflict.  Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG),
21 | 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter
22 | of right to act as guardian ad litem for the child.  Id. at *2.

23 |     Here, having considered Ms. Salinas's petition for appointment as Guardian Ad Litem for
24 | Plaintiff, the supplemental briefing, supporting declarations, and Plaintiff's medical records, the
25 | Court finds granting the petition is warranted.  Petitioner's allegations that Plaintiff is an
26 | incompetent adult are sufficiently supported by her supplemental briefing and medical evidence.
27 | The Court further finds that no conflict that would preclude Petitioner from serving as guardian
28 | ad litem for Plaintiff.  And the Court is satisfied that the supplemental briefing demonstrates

Petitioner is competent to represent Plaintiff' interests and that she consents to act as guardian ad litem in this action. Thus, the Court finds that the appointment is both necessary and appropriate.

Furthermore, the Court has considered Petitioner's request to seal, as well as the referenced documents produced and marked as Exhibit A and finds good cause exists to grant Petitioner's request due to the confidential nature of Plaintiff's medical records and pursuant to Local Rule 141 and the Court's March 16, 2022 order (ECF No. 32).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The petition for appointment of guardian ad litem is GRANTED (ECF No. 31);

2. Helen Maria Salinas is APPOINTED as Guardian Ad Litem for Plaintiff Raymundo Rubio;

3. Petitioner's request to seal (ECF No. 34) is GRANTED. Petitioner SHALL SUBMIT, forthwith, an unredacted copy of Exhibit A to ApprovedSealed@caed.uscourts.gov for filing under seal, in accordance with Local Rule 141 and this Court's Case Management Procedures, "Standard Information," as provided on the Eastern District of California Court website page for the Honorable Stanley A. Boone; and

4. Upon submission, the Clerk of the Court is directed to FILE UNDER SEAL Petitioner's Exhibit A. These documents shall remain under seal until further order of the Court or a request from Plaintiff to unseal.

IT IS SO ORDERED.

Dated: **April 4, 2022**

UNITED STATES MAGISTRATE JUDGE