# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO,<br><br>                    Plaintiff,<br><br>         v.<br><br>CITY OF VISALIA, et al.,<br><br>                    Defendants. | Case No. 1:21-cv-00286-SAB<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF Nos. 57, 58, 60, 61, 62, 63, 64) |

**I.**

**INTRODUCTION**

Currently before the Court is Plaintiff's *ex parte* application to modify the scheduling order to extend the deadlines for non-expert discovery, expert disclosure, and supplemental expert disclosure. Having considered the parties' briefing papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court denies Plaintiff's *ex parte* application.

**II.**

**BACKGROUND**

On March 1, 2021, Plaintiff Raymundo Vicente Rubio ("Plaintiff") initiated this action, asserting multiple federal and state law claims against Defendants City of Visalia, Chief Jason Salazar, and Officers Marisa Burkdoll and William Hansen. (ECF No. 1.) The action arises from

an incident on January 22, 2020, when Plaintiff was allegedly targeted by the Officer Defendants due to his race, beaten by the officers, and attacked by Defendants' police dog. Plaintiff additionally asserts a Monell claim and claims pursuant to the doctrine of respondeat superior against the City of Visalia.

On September 10, 2021, a scheduling order was issued in this matter. (ECF No. 24.) The scheduling order has since been modified twice and vacated once in this action. First, on April 5, 2022, the parties filed a stipulation requesting discovery deadlines be extended for a period of approximately seven months. (ECF No. 36.) The parties proffered good cause existed for the extension because there was "substantial additional discovery yet to be completed on both sides." (Id. at 1.) On April 6, 2022, the Court granted the parties' stipulated request—which was submitted more than 30 days prior to the expiration of the nonexpert discovery deadline—and extended all deadlines by approximately seven months. (ECF No. 37.)

On January 5, 2023, the parties filed a joint discovery update, wherein the parties represented that they found themselves "hindered in their ability to take depositions of the parties themselves while Plaintiff's criminal case related to this civil action remains pending." (ECF No. 42 at 1.) The parties requested an informal discovery conference, which was held on January 10, 2023. (ECF No. 43.) Following another informal status conference on March 29, 2023 (ECF No. 46), the Court ordered all pending matters and dates be vacated and set another informal status conference for May 22, 2023. (ECF No. 47.) At the May 22, 2023 informal status conference, the Court ordered the parties to meet and confer and submit a joint scheduling report.[1] (ECF No. 52.) On June 5, 2023, the parties submitted a joint scheduling report. (ECF No. 53.)

On June 6, 2023, the Court issued a modified scheduling order, which contains the following dates and deadlines: (1) non-expert discovery deadline: **November 3, 2023**; (2) expert disclosure deadline: **November 6, 2023**; (3) supplemental expert disclosure deadline: **December 4, 2023**; (4) expert discovery deadline: **January 4, 2024**; (5) dispositive motion filing deadline: **January 19, 2024**; (6) pretrial conference: **March 1, 2024**; and (7) trial: **April 16, 2024**. (ECF No. 55.) The Court also specifically ordered that "[a]ll other aspects of the scheduling order shall

---

[1] The Court notes no attorney appeared on Plaintiff's behalf at the May 22, 2023 status conference. (ECF No. 49.)

1  remain in effect." (Id. at 2.)

2  On October 31, 2023, Plaintiff filed an *ex parte* application to modify the scheduling order. (Pl.'s *Ex Parte* Appl. Mod. Sched. O. ("Appl."), ECF No. 57.) On October 31, 2023, the Court set a briefing schedule, requiring that Defendants either file a response or stipulate to Plaintiff's request for modification within seven days, and that Plaintiff reply within three days of any opposition. (ECF No. 58.) On November 7, 2023, Defendants filed an opposition to Plaintiff's *ex parte* application. (Defs.' Opp'n Pl.'s Appl. ("Opp'n"), ECF No. 60.) On November 9, 2023, Plaintiff filed a reply to Defendant's opposition. (Pl.'s Reply Defs.' Opp'n ("Reply"), ECF No. 61.) Given Plaintiff concluded his reply brief by stating the parties planned to telephonically meet and confer to potentially discuss the issues on November 13, 2023, the Court ordered the parties to file a status report addressing the outcome of the meet and confer. (ECF No. 62.) On November 14, 2023, the parties filed separate status reports both representing they were unable to resolve any issues contained in Plaintiff's application. (ECF Nos. 63, 64.)

## III.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the

1 motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

## IV.

## DISCUSSION

Following two previous stipulated modifications to the scheduling order in the instant action, the nonexpert discovery deadline was extended until November 3, 2023. (ECF No. 53.) Only three days prior to the deadline, on October 31, 2023, Plaintiff filed the instant *ex parte* application to extend the (1) nonexpert discovery deadline from November 3, 2023 to December 1, 2023; (2) expert disclosure from November 6, 2023 to December 6, 2023; and (3) supplemental expert disclosure from December 4, 2023 to December 20, 2023 in order to take the depositions of the two named officer Defendants and subsequently designate experts. (Appl. 1-2.) Alternatively, Plaintiff requests, "at minimum," he be allowed to take the two officer Defendants' depositions prior to December 1, 2023. (Id. at 2.) Defendants oppose any further modifications.

### A. Plaintiff's Application and Factual Summary

Plaintiff summarizes the limited discovery that has been conducted in the instant action as follows: In September 2021, Plaintiff propounded one set of written discovery on Defendants; in December 2021, Defendants propounded written discovery on Plaintiff; in March 2022, Defendants deposed three of Plaintiff's witnesses; and in December 2022, Plaintiff propounded a second set of written discovery on Defendants. (Appl. 3.)

The primary basis for Plaintiff's application stems from internal staffing changes and "excusable neglect" of deadlines at Plaintiff's counsel's firm. Specifically, Plaintiff's counsel cites the July 2023 departure of Emily Barbour, who was the associate "responsible for all aspects

4

of the Rubio case including but not limited to discovery, alerting attorneys prior to all major deadlines, and assuring that deadlines were met." (Decl. of V. James DeSimone ("DeSimone Decl.") Supp. Pl.'s *Ex Parte* Appl., ECF No. 57-1 at ¶ 5.) In addition to Ms. Barbour's departure, Plaintiff's counsel proffers another attorney resigned and another was on maternity leave, which "caused a tremendous increase in workload" at one of Plaintiff's counsel's law firms. (Appl. 4.) After Ms. Barbour's departure, attorney Victoria Gutierrez was assigned to Plaintiff's case. (Id.)

Mr. DeSimone contends "Ms. Barbour submitted proposed dates in June 2023 [in the joint scheduling report], without Mr. DeSimone's knowledge and resigned less than a month later in approximately July 2023." (Appl. 2.) On an unspecified date, Mr. DeSimone "became aware that the discovery and expert deadlines were quickly approaching." (Id. at 4.) Prior to this discovery, Mr. DeSimone "was under the impression the stay in the Rubio case was still in effect." (Id.) On Friday, October 27, 2023, "upon learning of the expert discovery deadline," Ms. Gutierrez reached out to counsel for Defendants. (Id.) On Monday, October 30, 2023, Ms. Gutierrez spoke with Defendants' counsel, Caren Curtiss, to request an extension of fact discovery and expert discovery deadlines. (Id.) Plaintiff's counsel filed the instant *ex parte* application on October 31, 2023. (Id.)

Plaintiff first argues Defendants will not suffer any prejudice because Plaintiff only requests an extension of less than a month for each of the three deadlines. (Appl. 5.) Plaintiff notes these "small change[s]" would not interfere with either the trial readiness conference scheduled for March 1, 2024, or the trial scheduled for April 16, 2024. (Id.) Additionally, Plaintiff avers he has acted diligently in preparing the case for trial and that had Plaintiff's counsel's "law firm not been placed under tremendous pressure, the depositions of the two Officer Defendants would have proceeded in a timely manner." (Id.)

### B. Defendants' Response and Factual Summary

Defendants vociferously oppose any further modification of the scheduling order. Defendants note that at the May 22, 2023 scheduling conference, "the Court impressed upon City's trial attorney the admonition that the scheduling order would not be amended again based on Plaintiff's continual prolonging of his criminal trial in state court." (Decl. of Caren Curtiss

1  ("Curtiss Decl.") Supp. Def.'s Opp'n, ECF No. 60-1 at ¶ 6.)  Defendants also note that since
2  Plaintiff's action was initiated "two years and eight months ago," no less than four attorneys for
3  Plaintiff have been assigned to the case simultaneously: James DeSimone, Carmen Sabater,
4  Ryann Hall, and Emily Barbour.  (Id. at ¶ 3.)  Defendants particularly emphasize that Mr.
5  DeSimone, Ms. Hall, Ms. Barbour, and eight other members of Plaintiff's legal team received
6  notice of the operative June 6, 2023 modified scheduling order via a CM/ECF electronic service
7  email.  (Id. at ¶ 10; Ex. A, ECF 60-2 at 2.)

8  Further, contrary to Mr. DeSimone's argument that he was under the impression a stay in
9  the case was still in effect, Defendants note a stay has never been requested by the parties nor
10 ordered by the Court in the instant action.  (Opp'n. 3-4.)  Defendants also provide an email from
11 Ms. Barbour dated July 5, 2023, which informed Defendants' counsel of her departure, confirmed
12 that attorney Jenica Leonard would be one of her replacements, and assured Defendants that Ms.
13 Sabater and Ms. Hall remain at the law firms.  (Curtiss Decl. ¶ 12; Ex. B, ECF No. 60-3 at 2.)
14 Defendants also note Ms. Gutierrez filed a designation of counsel in the action on August 31,
15 2023, two months prior to the non-expert discovery deadline.  (Opp'n 4 (citing ECF No. 56).)

16 Further, Defendants represent that they noticed Plaintiff's deposition for October 9, 2023.
17 (Opp'n 4.)  However, Plaintiff objected to the deposition due to unavailability of Plaintiff and
18 counsel in a pleading signed by Mr. DeSimone on October 3, 2023.  (Id.; Ex. C, ECF No. 60-4 at
19 3.)  Defendants caustically argue that Plaintiff is only seeking more time to depose the two named
20 Defendants while simultaneously refusing to produce Plaintiff for deposition.  (Opp'n 4.)

21 Defendants also contend Ms. Gutierrez provided a different reason for Plaintiff's need for
22 an extension in her October 30, 2023 telephone call with Ms. Curtiss.  Rather than staffing
23 changes and oversight by Plaintiff's counsel, Defendants proffer Ms. Gutierrez requested that the
24 parties enter a stipulation to extend the non-expert discovery deadline and the date for the
25 disclosure of expert witnesses "because Plaintiff's criminal case was still pending in state court."
26 (Id.)  However, following the phone call, Ms. Curtiss checked the public electronic docket of the
27 Tulare County Superior Court and learned that Plaintiff had already entered a plea in his
28 underlying criminal case on October 26, 2023, and was scheduled to be sentenced on November

7, 2023. (Id. at 5.) Defendants' counsel also discovered that Plaintiff has been incarcerated since September 19, 2023 for violation of the terms of his supervised own recognizance release agreement. (Id.) During a subsequent conversation on October 30, 2023 wherein Ms. Curtiss inquired why Ms. Gutierrez failed to disclose the status of Plaintiff's criminal case, Ms. Gutierrez explained she was unaware of the information at the time of the earlier telephone conversation but subsequently learned it between the first and second telephone calls. (Id. at 5-6.) Ms. Curtiss stated she would respond to the request for extension the following day after conferring with co-counsel, but informed Ms. Gutierrez that Defendants were ready to move forward consistent with the current scheduling order. (Id. at 6.) Relatedly, Defendants assert that during the timeframe of the instant briefing schedule set for Plaintiff's *ex parte* application, the parties exchanged experts on November 6, 2023, pursuant to the June 6, 2023 modified scheduling order. (Id.)

Defendants argue Plaintiff's counsel have failed to act diligently in adhering to the scheduling order and prosecuting the instant action. Defendants aver Plaintiff's claimed reasons that Mr. DeSimone was not aware that a stay was lifted, when no stay was ever in place, and that Ms. Barbour submitted proposed dates in June 2023 without his knowledge are "simply not credible" when Mr. DeSimone and ten other persons comprising Plaintiff's legal team were each served with the June 2023 modified scheduling order. (Opp'n 8.) Further, Defendants argue they will be prejudiced by another modification to the scheduling order because the allegations in the complaint implicate "Brady issues," which affect the ability of the Defendant officers to investigate criminal activities and testify in state court criminal cases. (Id.)

### C. The Court Finds Plaintiff Has Not Demonstrated Diligence and Has Not Established the Requisite Good Cause for Modifying the Scheduling Order

In both his application and reply to Defendants' opposition, Plaintiff focuses on Defendants' purported lack of prejudice by his requested modification to the scheduling order, then summarily avers that Plaintiff has acted diligently in preparing this lawsuit for trial. (Appl. 57.) However, the Ninth Circuit emphasizes diligence is the primary factor in considering a motion for modification of the scheduling order, and that a lack of diligence is determinative as to whether good cause supports the motion. See Johnson, 975 F.2d at 609 ("Although the existence

or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end").

Upon consideration of Plaintiff's proffered reasons for seeking a third modification, the Court finds Plaintiff has not been diligent. "Good cause" to modify the scheduling order means scheduling deadlines cannot be met *despite* the party's diligence. Johnson, 975 F.2d at 609. Thus, Plaintiff must establish he has acted diligently and why, despite his diligence, the November 3, 2023 nonexpert discovery, November 6, 2023 expert disclosure, and December 4, 2023 supplemental expert disclosure deadlines cannot be met. In his instant application, Plaintiff only describes initiating two sets of written discovery to Defendants in 2021 and 2022 and makes two blanket statements that he has acted diligently in preparing his lawsuit for trial. (Appl. 2-3, 6.) Further, in his reply to Defendants' opposition, Plaintiff never mentions the word "diligence," nonetheless proffers a description of any diligent attempts to take the foreseeable depositions of two named Defendants. The Court finds on these limited facts that Plaintiff has not demonstrated that even with the exercise of due diligence, he could not meet the requirements of the scheduling order. As noted by Defendants, the named officer Defendants have been known to Plaintiff since before he initiated this action on March 1, 2021. While the Court is well informed of the parties' past stipulations regarding the unwillingness to take Plaintiff's deposition while his related criminal case remained pending in state court, Plaintiff fails to make the requisite showing that the scheduling deadlines cannot be met despite Plaintiff's diligence.

Turning to the narrower timeframe directly at issue, it is undisputed that no discovery was initiated on Plaintiff's behalf between the time the parties last modified the scheduling order on June 6, 2023 and when Mr. DeSimone discovered the impending deadlines on an unspecified date presumably in late October 2023.[2] Thus, rather than proffering the scheduling deadlines cannot be met *despite* the Plaintiff's diligence as required, Plaintiff conversely argues his admitted lack of diligence was due to "excusable neglect." (Appl. 2.) The Court finds Mr. DeSimone's two

---

[2] The Court notes Plaintiff filed a designation of counsel on August 31, 2023 wherein Ms. Gutierrez was designated "as *additional* counsel for service in this action…" (ECF No. 56.) The Court also notes Mr. DeSimone objected to Defendants' notice of Plaintiff's deposition on October 3, 2023. (Opp'n 4; ECF No. 60-4 at 3.)

1  reasons for Plaintiff's failure to exercise diligence between June and October 2023 and meet the
2  scheduling deadlines unavailing. First, Mr. DeSimone contends he was not aware of the
3  discovery and expert deadlines because he believed "the stay in the Rubio case was still in
4  effect." (Id. at 4.) However, as Defendants note, a stay has never been requested by the parties
5  nor ordered by the Court in the instant action.[3]

Plaintiff's counsel also avers internal staffing changes induced Plaintiff's "excusable neglect" of the deadlines specified in the second modified scheduling order. The Court finds Mr. DeSimone's claim that he was not aware of the scheduling order deadlines proposed by his former co-counsel unavailing. Accepting Mr. DeSimone's assertion that Ms. Barbour submitted deadlines for the joint scheduling report on June 5, 2023 "without Mr. DeSimone's knowledge," Mr. DeSimone and three other attorneys are listed as "attorney[s] to be noticed" on this case's docket. Three of them—including Mr. DeSimone—have received such notice of filings and orders since this Mr. DeSimone initiated this case on behalf of his client on March 1, 2021.[4] Moreover, Defendants' exhibit in support of their opposition that attaches a June 6, 2023 email generated by the Court's CM/ECF system evinces that Mr. DeSimone, Ms. Hall, Ms. Barbour, and eight other members of Plaintiff's legal team received notice of the June 6, 2023 modified scheduling order. (Id. at ¶ 10; Ex. A, ECF 60-2 at 2.) While Ms. Barbour may have internally been "responsible for all aspects of the Rubio case including but not limited to discovery, alerting attorneys prior to all major deadlines, and assuring that deadlines were met," Mr. DeSimone and ten other members of Plaintiff's counsel's legal team had, at minimum, constructive notice of the deadlines in the Court's June 6, 2023 modified scheduling order. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (citation omitted).

---

[3] The Court presumes Mr. DeSimone is referring to the parties January 5, 2023 joint discovery update and the subsequent March 29, 2023 informal status conference wherein the Court vacated the pending dates from the first modified scheduling order pursuant to the parties' discussion of discovery deadlines and Plaintiff's related criminal case. (ECF No. 48.) Notably, the case was not stayed nor was any matter held in abeyance as a result of the Court's order. Rather, the Court merely issued the order vacating the dates and scheduled the May 22, 2023 informal scheduling conference. (Id.)

[4] Indeed, Mr. DeSimone signed Plaintiff's complaint on March 1, 2021 and Mr. DeSimone, Ms. Sabater, and Ms. Hall were listed as the attorneys of record in the footnote on each of the 26 pages. (ECF No. 1.) Mr. DeSimone, Ms. Sabater, and Ms. Hall have therefore been appearing as counsel for Plaintiff since the earliest stages of this action.

9

Plaintiff's counsel also cites the staffing changes his law firm experienced in June and July 2023 and explains that had his "law firm not been placed under tremendous pressure, the depositions of the two Officer Defendants would have proceeded in a timely manner." (Id.) As a general matter, the Court is unpersuaded by this unsupported assertion, given the limited discovery that has been initiated by Plaintiff and the fact that the nonexpert discovery deadline has been modified twice and vacated once due to Plaintiff's prolonged criminal trial in state court. Further, Defendants' assertion that Ms. Gutierrez initially requested an extension because of Defendant's "ongoing criminal case," the status of which was purportedly unknown by Plaintiff's counsel as of October 30, 2023, is undisputed in Plaintiff's reply. Given this unchallenged assertion, the Court is not persuaded that the two officers' depositions would have gone forward had one of Plaintiff's law firms not experienced staffing changes in July 2023 because, as Ms. Gutierrez relayed to Ms. Curtiss four days prior to the nonexpert discovery deadline, Plaintiff's counsel was requesting an extension on the basis that "Plaintiff's criminal case was still pending in state court." (Opp'n 4.)

Plaintiff repeatedly argues that his "small" modification will not disrupt other deadlines in the scheduling order. (Appl. 5; Reply 3.) However, the fact that there is no disruption to other deadlines is insufficient to establish diligence or good cause to deviate from the deadlines or standards set forth in the scheduling order. The Court particularly reminds both parties that the Court's scheduling order has a presumption against allowing modifications of set discovery deadlines where the parties did not ensure sufficient time to serve the discovery, meet and confer, and make motions to the Court *with sufficient time* to obtain relief from the Court before the expiration of the relevant deadline:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when

> proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF 24 at 3.)

Accordingly, Plaintiff's *ex parte* application filed three days before the non-expert deadline expired does not demonstrate good cause to deviate from the terms of the scheduling order. See Hardy v. Cty. of El Dorado, No. 2:07-cv-0799 JAM EFB, 2008 WL 3876329, at *1 (E.D. Cal. 2008) (rejecting plaintiffs motion to extend discovery deadline and rejecting argument that it could not complete discovery because attorney had been ill and busy with obligations in another case, and finding plaintiffs had not been diligent where they waited until three days before the discovery cut-off to request modification of the scheduling order); Boparai v. Shinseki, No. 1:09-cv-01164 AWI JLT, 2010 WL 4738125, at *2 (E.D. Cal. 2010) (finding that filing a motion to modify the scheduling order six days before the discovery cut-off was not diligent).

"If [the requesting] party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609. Plaintiff has not demonstrated the diligence or good cause required to modify the scheduling order. Accordingly, the Court denies Plaintiff's *ex parte* application.

## V.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's *ex parte* application to modify the scheduling order (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated: **November 16, 2023**

UNITED STATES MAGISTRATE JUDGE