# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO VICENTE RUBIO, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF VISALIA, et al., <br><br> Defendants. | Case No. 1:21-cv-00286-SAB <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION <br><br> ORDER REQUIRING PARTIES TO FILE JOINT STATUS REPORT PROPOSING TRIAL DATES <br><br> (ECF Nos. 78, 81, 83) <br><br> **MAY 15, 2024 DEADLINE** |

**I.**

**INTRODUCTION**

On March 1, 2024, the Court issued an order granting in part and denying in part Defendants' motion for judgment on the pleadings. (ECF No. 77.) Therein, the Court (1) granted Defendants' motion with prejudice as to the first cause of action for unreasonable search and seizure for Plaintiff's detention and arrest as Heck barred; (2) granted in part and denied in part Defendants' motion as to Plaintiff's second cause of action for unreasonable search and seizure for excessive force and third cause of action for municipal liability for unconstitutional custom or policy *without* leave to amend; and (3) granted Defendants' motion as to Plaintiff's fourth through ninth state law causes of action *with* leave to amend Plaintiff's administrative remedies allegations only. (ECF No. 77 at 29.)

On March 6, 2024, Defendants filed the instant motion for reconsideration (ECF No. 78-1), supported by a declaration by counsel for Defendants (Declaration of Leonard Herr in Support of Defs.' Mot. Reconsideration ("Herr Decl."), ECF No. 78-2.). Defendants proffer that the portion of the Court's March 1, 2024 order to be reconsidered is the Court's decision to grant Plaintiff leave to amend the complaint on his second through ninth causes of action. (ECF No. 78 at 2.) On March 20, 2024, Plaintiff filed an opposition (ECF No. 81), and Defendants replied on March 29, 2024 (ECF No. 83). The Court found this matter suitable for decision without oral argument. See Local Rule 230(g). For the reasons set forth herein, Defendants' motion for reconsideration is denied.

## II.

## LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co. ("Marlyn"), 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation...of that which was already considered by the court in rendering its decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). "In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)). To succeed in a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

**III.**

**DISCUSSION**

Defendants request reconsideration of the Court's order only to the extent it grants Plaintiff leave to amend his second through ninth causes of action. The Court concludes reconsideration is not warranted for the reasons set forth below.

**A.    The Court Did Not Grant Plaintiff Leave to Amend His Second and Third Causes of Action.**

Defendants argue the Court's March 1, 2024 order "has room for improvement," including an uncited portion of the order that purportedly granted Plaintiff leave to amend his second and third causes of action. (ECF No. 78-1 at 1.) Defendants aver the Court's purported order granting Plaintiff leave to amend his second and third causes of action is "based on clear error." (ECF No. 78-1 at 3.) After re-arguing the same facts presented to the Court in their motion for judgment on the pleadings and summarizing authorities not initially briefed by Defendants but cited at length by the Court in its March 1, 2024 order, Defendants argue that "[o]ffering Plaintiff Rubio the opportunity to amend…at a late date brings extreme prejudice to Defendants…. The District Court should reconsider the decision to grant leave to amend the second and third causes of action and either deny leave or request further briefing from the parties on amendment." (ECF No. 78-1 at 5.)

In his opposition, Plaintiff argues that this Court's decision to grant leave to amend his second and third causes of action was properly decided and requests that the Court deny Defendants' motion for reconsideration. (ECF No. 81 at 7-8.)

In reply, Defendants underscore "[t]he arguments made in this motion concern only leave to amend." (ECF No. 83 at 1.) Defendants further emphasize their "motion is explicit in limiting the requested relief: '[t]he portion of the order to be reconsidered is the Court's decision to grant the Plaintiff leave to amend the complaint on his second through ninth causes of action.' That's it." (Id. at 3.) Defendants state they are "not asking the Court to reconsider any decision it made except the decision to give Plaintiff leave to amend." (Id. at 5.) Defendants note they argue the merits of the second and third causes of action because "[t]he idea that there was a

3

point at which compliance had been gained followed by continued force was the basis for allowing leave to amend [the second and third causes of action]." (Id.)

The Court urges both parties to revisit the Court's March 1, 2024 order wherein the Court expressly *denied* Plaintiff's request for leave to amend his second and third causes of action. (ECF No. 77 at 26-28, 29.) As detailed, Defendants repeatedly emphasize that their motion for reconsideration is limited to the Court's "clear error" in granting Plaintiff leave to amend his second and third causes of action. (ECF No. 78-1 at 3.) Accordingly, the Court denies Defendants' motion for reconsideration without addressing Defendants' recapitulation of arguments and authorities that were already considered by the Court in rendering its decision when granting in part and denying in part Defendants' motion for judgment on the pleadings *without* leave to amend the second and third causes of action.

**B.   The Court Denies Defendants' Motion for Reconsideration of the Order Granting Plaintiff Leave to Amend His Administrative Remedies Allegations.**

The Court granted Defendants' motion for judgment on the pleadings as to Plaintiff's fourth through ninth causes of action ("state law claims") because Plaintiff clearly alleged in the complaint that his claim to the City of Visalia was untimely under California Government Code section 911.2. (ECF No. 77 at 28.) However, the Court granted Plaintiff leave to "limited *only* to Plaintiff's administrative remedies allegations related to his state law claims" due to Plaintiff's contention that his July 28, 2020 claim was timely filed with the City given the 60-day extension to file such claims provided by Executive Order N-35-20. (Id. (emphasis in original).) Critically, Plaintiff asserted that, on December 17, 2021, he informed Defendants of the Executive Order and his position that his claim was timely filed.[1] (Id.) Defendants did not—and still do not—dispute that Plaintiff notified Defendants of the Executive Order and his position that he timely filed his claim *two years prior* to Defendants' motion for judgment on the pleadings. (See id.) While the Court admonished Plaintiff for failing to request leave to amend

---

[1] The Court denied Plaintiff's request to take judicial notice of the e-mails which purportedly memorialize Plaintiff's December 17, 2021 notice to Defendants. (ECF No. 77 at 9.) The Court did not consider the emails when deciding either the motion for judgment on the pleadings or the instant motion for reconsideration.

4

his complaint earlier in this litigation, the Court granted Plaintiff leave to amend *only* the administrative remedies portion of his complaint because amendment would not be futile given the extension of the deadline to file such claims provided by Executive Order N-35-20; Defendants were not prejudiced by the limited amendment because Defendants had been on notice of Plaintiff's position regarding the timeliness of his claim since December 2021; and, while there was undoubtedly undue delay to amend the complaint, the Court did not find Plaintiff acted in bad faith or with dilatory motive. (Id.)

The Court expressly noted in the March 1, 2024 order that it would not address the merits of whether, given Executive Order N-35-20, Plaintiff's claim was timely filed under Government Code §§ 911.2 or 945.6; whether the issue of timely filing a claim must be determined in a claim-relief proceeding; or whether a state or federal court is the appropriate court to determine the issue of timeliness. (Id.) Instead, the Court granted Plaintiff leave to amend the complaint *only* to plead what he had already informed Defendants in December 2021: that he alleges his government claim was timely filed given the extension of time provided by Executive Order N-35-20. The Court then afforded Defendants twenty-one days to either file a responsive pleading or a motion to challenge the substantive merits outlined above that were not yet ripe for the Court to address on a motion for judgment on the complaint where Plaintiff alleged his claim was untimely filed. (Id. at 29.) Plaintiff filed a first amended complaint on March 6, 2024 (ECF No. 79) and Defendants filed an answer to Plaintiff's first amended complaint on March 27, 2024 (ECF No. 82).

As a threshold matter, the Court again invites Defendants to revisit the Court's March 1, 2024 order wherein it expressly granted Plaintiff leave to amend "limited *only* to Plaintiff's administrative remedies allegations related to his state law claims." (ECF No. 77 at 28 (emphasis in original).) In their reply, Defendants argue that "[t]he issue of whether Plaintiff should be granted leave to amend anything beyond compliance with the claims filing requirement of California's Government Code was not requested. It was not argued for or against, or even discussed *until it was raised by the Court in its order* granting leave to amend." (ECF No. 83 at 2 (emphasis added).) However, the Court did *not* grant Plaintiff leave to amend

1  anything beyond compliance with the claims filing requirement of California's Government
2  Code.  Contrary to Defendants' argument, the Court did not address such amendment in its
3  order; rather, the Court expressly limited amendment to Plaintiff's administrative remedies
4  allegations only.  Thus, to the extent Defendants again argue for reconsideration of an order that
5  does not exist, the Court denies Defendants' motion.

6        To the extent Defendants' motion requests that this Court reconsider its narrowly tailored
7  grant of leave to amend to Plaintiff—limited *only* to Plaintiff's administrative remedies
8  allegations related to his state law claims—the Court finds reconsideration unwarranted.
9  Defendants argue reconsideration of the Court's order granting Plaintiff leave to amend his state
10  law claims is proper because the issue of granting leave to amend "was not previously raised by
11  either party or briefed by [Defendant]."  (ECF No. 78-1 at 2.)  Defendants concede "[o]ne would
12  be correct to respond that the issue of amendment could have been briefed prior to the [Court's
13  March 1, 2024] decision, but there was no reason that it should have been," given Plaintiff "said
14  nothing about amendment."[2]  (Id. at 2-3.)  The Court agrees Plaintiff did not request leave to
15  amend to allege compliance with the California Government Code as an alternative to dismissal
16  of the state law claims in his opposition to Defendants' motion for judgment on the pleadings
17  and Defendants likewise did not argue against amendment of the state law claims in their
18  briefing.

19        While both parties failed to address whether the Court should grant leave to amend in
20  their briefing, the Court addressed it with the parties at the hearing held on February 14, 2024.
21  (See ECRO 11:09:44-11:17:40.)[3]  The Court is therefore perplexed by Defendants' argument
22  that "[n]o questions about the propriety of amendment were asked at the hearing." (ECF No. 78-
23  1 at 3.)  To the contrary, the Court specifically noted at the hearing that it was inclined to grant
24  Defendants' motion as to the state law claims because Plaintiff's complaint clearly stated his

---

[2] The Court notes Defendants argued against granting Plaintiff leave to amend his federal causes of action in their reply to Plaintiff's opposition to Defendants' motion for judgment on the pleadings despite Plaintiff's failure to request leave to amend in his opposition.  (Compare ECF No. 72 with ECF No. 74 at 8.)

[3] The February 14, 2024 hearing was memorialized using an Electronic Court Recording Operator ("ECRO").  The Court's citations are to the timestamp assigned by the recording device as no transcript is generated. Given no transcript was generated, direct quotes from the audio recording cited herein have been cleaned up to remove disfluencies.

1 government claim was not timely filed. However, the Court informed Defendants that it was also inclined to give Plaintiff leave to amend—should Plaintiff request it—to allege timely compliance because amendment would not be futile given Executive Order N-35-20.[4] (ECRO 11:12:09-11:12:39.) The Court notes that during the hearing, Plaintiff *twice* requested "leave to amend the complaint to allege the timely compliance" of his state law claims and specifically cited Foman v. Davis, 371 U.S. 178 (1962) as support that leave to amend should be freely given. (ECRO 11:15:08-11:15:26, 11:17:25-11:17:47.)

When the Court expressed to Defendants during the hearing that it was inclined to grant Plaintiff leave to amend, Defendants did not argue prejudice, futility, undue delay, dilatory motive, or bad faith despite having ample opportunity to do so. Rather, counsel for Defendant "submit[ed] the matter" at the hearing following a statement that he "[doesn't] buy green bananas. So, I'm here for now, let's see what the future holds…." (ECRO 11:14:10) As foretold at the hearing, the Court issued its order on March 1, 2024 granting Defendants' motion for judgment on the pleadings as to the fourth through ninth causes of action with leave to amend limited only to allege compliance with the claims filing requirement of the California Government Code. (ECF No. 77 at 28.) As conceded by Defendants, the arguments in the instant motion could reasonably have been raised earlier, either in briefing or during the Court's eight minute colloquy with the parties on February 14, 2024 that specifically addressed whether the Court should grant Plaintiff leave to amend. Given the described summary of the hearing, Defendants' request for "an opportunity to argue a point raised for the first time by the Court in the ruling, which is the decision to grant Plaintiff leave to amend" is not well-taken. (ECF No. 83 at 4.)

Even if the Court did not ask for Defendants' input whether it needed to grant Plaintiff leave to amend or if Plaintiff had not requested leave to amend to allege timely compliance of his state law claims twice at the February 14, 2024 hearing, granting leave to amend—even *sua*

---

[4] The Court asked Defendants: "I have to give them leave to amend based upon what we all know what the facts are. Yes? It's not futile. Right?" (ECRO 11:12:09-11:12:39 (cleaned up).) In response, Defendants averred they "don't know what the facts are because [Defendants are] not litigating that" but proceeded to proffer one option available to the Court was to "make the decision as to whether there is compliance with the Government Code and then we can go from wherever that takes us." (ECRO 11:12:39-11:13:26 (cleaned up).)

7

*sponte*—rests on the sound discretion of the district court.  See Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996); Unified Data Servs., LLC v. Fed. Trade Comm'n, 39 F.4th 1200, 1208 (9th Cir. 2022).  "Motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) and motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) are 'functionally identical,' and [the Ninth Circuit] has held that in 12(b)(6) dismissals, leave to amend should be granted even if no request is made *unless* amendment would be futile."  Pac. W. Grp., Inc. v. Real Time Sols., Inc., 321 F. App'x 566, 569 (9th Cir. 2008) (internal citation omitted and emphasis in original).  See also Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts"); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment"); Rendon Garcia v. California Youth & Adult Corr. Agency, No. CIVF045999AWISMS, 2005 WL 8176338, at *1 (E.D. Cal. Feb. 11, 2005) ("Although Rule 12(c) does not mention leave to amend, courts have the discretion to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment").  It was therefore not "clear error" for this Court to exercise its discretion and grant Plaintiff leave to amend even though Plaintiff failed to request such relief in his briefing.  (See ECF No. 78-1 at 6.)

In their motion for judgment on the pleadings, Defendants requested that this Court determine, as a matter of law, that Plaintiff's claims should be dismissed for failure to satisfy California's pre-litigation claims filing requirements.  However, Plaintiff argued he did satisfy California's pre-litigation claims filing requirements given the extension of time provided by Executive Order N-35-20 and that he notified the Defendants of that position on December 17, 2021.  The Court took judicial notice of the Executive Order and determined it would not be futile for Plaintiff to amend his complaint to allege his July 28, 2020 filing fell within the extension of time provided by Executive Order N-35-20. Without addressing the merits of timeliness, amending the complaint to allege timely compliance with California's Government

Code given Executive Order N-35-20 would cure the defect in the complaint that Plaintiff failed to timely file his claim.[5] Given the well-established rule that leave to amend should be granted even if no request is made unless amendment would be futile, it would be improper to grant Defendants' motion without affording Plaintiff leave to amend to cure the defect in the administrative remedies allegations within the complaint.

Continuing to use the instant motion for reconsideration as a vehicle to raise new arguments that could reasonably have been raised earlier, Defendants argue granting leave to amend the state law claims is based on "clear error" because leave to amend is properly denied where delay causes prejudice to the defendant. (ECF No. 78-1 at 6.) Defendants cite Bowles v. Reade, 198 F.3d 752 (9th Cir. 1999) in support. The Court notes that in Bowles, the Ninth Circuit determined, inter alia, the district court abused its discretion when it *denied* a plaintiff's request for leave to amend her complaint during the summary judgment stage "because the amendment would not have been futile, and the district court made no findings of prejudice or bad faith." Id. Here, as previously stated, amendment would not be futile, and the Court found no undue prejudice to Defendants or bad faith by Plaintiffs given that Plaintiff put Defendants on notice in December 2021 of the Executive Order and his position that his claims were timely filed. The Court finds it proper to afford Plaintiff the opportunity to cure the deficiency by alleging other facts—facts that Defendants have been aware of since December 2021—regarding timely compliance with pre-litigation filing requirements. While Plaintiff should have amended his complaint earlier, Bowles dictates that undue delay by itself is insufficient to justify denying a motion to amend. Id. at 758.

Defendants repeatedly argue the delay to amend the complaint to assert timely

---

[5] Defendants' assertion in their supporting declaration that confirms "the Defense was aware of the various executive orders issued by Governor Newsom," but defense "did not think they applied to this case because Plaintiff's counsel did not pursue those claims here" is not well-taken. (Herr Decl. ¶ 6.) Plaintiff *did* pursue his state law claims when he filed his complaint in this matter on March 1, 2021. The filing of the complaint put Defendants on notice Plaintiff was pursuing those claims and would pursue relief for the then-believed untimely filing. Defendants do not dispute that on December 17, 2021, Plaintiff informed Defendants of the Executive Order and Plaintiff's contention that the Executive Order made his July 28, 2020 claim timely. Whether or not Plaintiff pursued discovery after March 1, 2021 regarding the merits of the state law claims has no bearing on whether the claims should be dismissed *as a matter of law* in a motion for judgment on the pleadings for failure to satisfy California's pre-litigation claims filing requirements.

1 compliance with California's Government Code prejudices Defendants; however, Defendants
2 fail to argue in their motion how they are prejudiced by the delay to amend the complaint's
3 administrative remedies allegations.  The Court notes, however, a declaration from counsel for
4 Defendants in support of the motion for reconsideration clearly contains argument not made in
5 the motion for reconsideration related to the purported prejudice to the Defendants.  Plaintiff
6 does not oppose the declaration, nor does he move to strike any argument made therein.  The
7 Court shall therefore briefly address certain arguments made in the supporting declaration.

8 Defendants' supporting declaration argues "the Court's order improvidently gives
9 Plaintiff an unfair, substantial benefit not requested, not deserved and at the extreme prejudice of
10 Defendants. It rewards Plaintiff's complete disregard of the letter and spirit of the Federal
11 Rules." (Herr Decl. ¶ 3.)  Defendants fail to specify which Federal Rules Plaintiff has
12 disregarded.  The Court, however, is guided by Rule 15 of the Federal Rules of Civil Procedure,
13 which states that leave to amend "shall be freely given when justice so requires," while bearing
14 in mind "the underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on
15 the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)
16 (quotations omitted).

17 Defendants' argument that amendment is not deserved, or, in other words, "justice [does
18 not] so require[]" granting Plaintiff leave to amend, falls short.  Defendant City of Visalia has
19 been on notice of Plaintiff's government tort claim since July 28, 2020, when Plaintiff filed the
20 claim six months and six days after the subject incident. (ECF No. 1 at ¶ 26.)  It was Defendant
21 City of Visalia that informed Plaintiff in an August 5, 2020 letter—over four months *after*
22 Governor Newsom issued Executive Order N-35-20—that Plaintiff's claim was being returned
23 because it was untimely.  (Id. at ¶ 23.) Defendant City of Visalia advised Plaintiff that his "only
24 recourse" was to apply for leave to present a late claim.  (Id.)  As alleged, Plaintiff followed
25 Defendant City of Visalia's advice and filed an application for permission to present a late
26 government claim.  (Id. at ¶ 26.)  When Defendant City of Visalia failed to respond to that
27 application, Plaintiff filed the complaint in this action which also put Defendants on notice that
28 he was alleging the state law claims.  He then filed a request for relief from the claims

1 presentation requirements in this Court, which was properly denied on July 19, 2021. (ECF No. 20.) At an unknown date after July 19, 2021 but prior to December 17, 2021, Plaintiff discovered Executive Order N-35-20 and notified Defendants that he believed his July 28, 2020 claim was timely filed. (ECF No. 72 at 16.) The Court reiterates its admonishment that Plaintiff should have moved to amend his complaint earlier. However, not only was Defendant City of Visalia directly involved in making the initial untimeliness determination in July 2020, but Defendants knew of the Executive Order and Plaintiff's position regarding its effect on the timeliness of his claim at least *two years* before Defendants filed their motion for judgment on the pleadings. The Court is therefore not persuaded that affording Plaintiff an opportunity to allege facts that cure a deficiency in his complaint gives "Plaintiff an unfair, substantial benefit"—that Plaintiff *did* request twice on February 14, 2024—that is "not deserved and at the extreme prejudice of Defendants." (Herr Decl. ¶ 3.) The Court will not, as Defendants request, reconsider its order to facilitate a decision on the pleadings, rather than on the merits.

Defendants argue in their reply brief that "[t]he issue of prejudice to City is so serious, it effectively deprives City of a meaningful opportunity to defend these allegations that have been pending for years." (ECF No. 83 at 4.) The motion's supporting declaration contends that no discovery on the state law claims has been conducted; "the Defense reasonably relied on [Plaintiff's purported failure to pursue the state law claims] in terms of how to defend the case and value exposure"; and that "[f]or almost 3 years Plaintiff has done nothing to pursue [the state law claims]." (Herr Decl. ¶¶ 5, 9, 10.) It is improper, however, for the Court to take into consideration what, if any, discovery has been conducted in determining whether to dismiss a case on the pleadings as a matter of law pursuant to Rule 12(c). Further, the amount of discovery conducted in the action has no bearing on the futility of amending the complaint to allege Plaintiff's July 28, 2020 government tort claim was timely filed. While the Court maintains Plaintiff should have moved to amend his complaint earlier, the Court notes *Defendants* also could have moved for judgment on the state law claims regarding the issue of compliance with California's Government Code at any point over the past two years, including after the expiration of the deadline for Plaintiff to request relief from presenting a late claim or in December 2021

11

1 when Defendants became aware of Plaintiff's position that his July 28, 2020 claim was timely
2 filed. The Court is unpersuaded that Defendants have lacked a meaningful opportunity to defend
3 the state law claims that, as Defendants concede, have been pending for years.

4 Defendants also argue in their supporting declaration that reconsideration should be
5 granted because "Plaintiff's counsel has unclean hands….Plaintiff's counsel has not produced
6 Plaintiff for deposition. Nor has Plaintiff's counsel produced experts for deposition." (Herr Decl.
7 ¶ 9; see also ECF No. 83 at 7.) The appropriate motion for such argument is a motion to compel
8 under Rule 37, not a motion for reconsideration of the Court's determination to grant a motion
9 for judgment on the pleadings with limited leave to amend. The record does not reflect that
10 Defendants filed a motion to compel depositions of Plaintiff or any of Plaintiff's experts.[6]
11 Defendants' failure to file the proper discovery motions may not now be repackaged as prejudice
12 against Defendants in determining whether Plaintiff should be granted leave to amend the
13 administrative remedies allegations within his complaint.

14 Defendants also argue that the Court's exercise of its discretion in granting Plaintiff leave
15 to amend only the administrative remedies portion of his complaint "effectively overturns the
16 Court's [November 16, 2023] order denying Plaintiff's *ex parte* application to modify the
17 scheduling order." (ECF No. 83 at 7.) The Court disagrees. In short, on October 31, 2023,
18 Plaintiff filed an application to extend the nonexpert discovery deadline to take the depositions of
19 the two named Defendant officers and to extend the expert disclosure and supplemental expert
20 disclosure deadlines in order to designate experts. (ECF No. 57 at 1-3.) Defendants opposed
21 Plaintiff's modification to the scheduling order. (ECF No. 60.) The Court denied Plaintiff's
22 motion to modify the discovery and expert disclosure dates, finding that Plaintiff had not
23 demonstrated the diligence or good cause required to modify the requested deadlines under the

---

[6] The Court acknowledges it held multiple informal status conferences at Defendants' request wherein Defendants informally requested to take Plaintiff's deposition. However, Plaintiff opposed being deposed during the pendency of his criminal proceedings in state court. The Court gave a tentative that it would allow for a reasonable period of time for the criminal case to complete, but that at a certain time the Defendants must be allowed to take the deposition due to the fact that Plaintiff brought the case and the Defendants had a right to defend. At the last informal status conference, Plaintiff's counsel failed to appear and the Court ordered the parties to file a status report. (ECF 49, 52). The Court then modified the scheduling order to reflect new deadlines for conducting discovery, which would have included the taking of Plaintiff's deposition. (ECF No. 55).

1 relevant standards for modification of a scheduling order. The Court notes that when granting leave to amend the administrative remedies portion of the complaint in its order on Defendants' motion for judgment on the pleadings, the Court expressly stated it "cannot at this time foresee any reason to re-open discovery as a result of Plaintiff's amendment to his administrative remedies allegations." (ECF No. 77 at 28.) The Court's position remains unchanged. The issue of leave to amend the complaint to allege Plaintiff's belief that he timely filed his government claims given Executive Order N-35-20 was never addressed and was not at issue in the *ex parte* application, and therefore is not "overturned" by the Court's March 1, 2024 order granting Plaintiff limited leave to amend his complaint to cure the deficiency regarding pre-litigation filing requirements.[7]

In sum, Defendants fail to proffer newly discovered evidence, establish that the Court committed clear error in exercising its discretion to grant leave to amend, or bring an intervening change in controlling law to the Court's attention such that reconsideration is warranted. Marlyn, 571 F.3d at 880. The Court reiterates it did not grant Plaintiff leave to amend his second or third causes of action nor did the Court grant Plaintiff leave to amend his fourth through ninth causes of action beyond alleging facts in the administrative remedies section regarding timely compliance with the California Government Code given the averred extension of time to file such claims provided by Executive Order N-35-20. The Court therefore denies Defendants' motion to reconsider its order granting Plaintiff leave to amend the administrative remedies portion of his complaint.

Given Plaintiff has already filed his first amended complaint and Defendants have filed their answer to Plaintiff's first amended complaint, the Court shall order the parties to meet and confer and file a joint status report proposing trial dates beginning in October 2024.

///

///

---

[7] Defendants point out the last day to amend the pleadings pursuant to the scheduling order was March 4, 2022. (ECF No. 83 at 3.) However, Defendants cite no authority that the parties' last day to file a motion to amend the pleadings under the scheduling order precludes the Court from exercising its well-established discretion to grant a motion under Rule 12(c) with leave to amend even if no request is made unless amendment would be futile.

## IV.

## CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion for reconsideration (ECF No. 78) is DENIED; and

2. The parties are directed to meet and confer and file **by May 15, 2024** a joint status report that shall include **three** potential trial dates for trial beginning in or soon after October 2024 and the parties' estimated number of trial days. In identifying proposed trial dates, the parties should consider that a pretrial conference will be set sixty days prior to the selected trial date.

IT IS SO ORDERED.

Dated: **April 25, 2024**

UNITED STATES MAGISTRATE JUDGE